## Mott v. Dawson.

1. **Slander**: JUSTIFICATION. A justification in an action of slander is sufficient if the proof in support of it be such as would sustain an indictment for the offense charged.

2. ———: GOOD FAITH. One who believes himself to be possessed of knowledge, which if true, may affect the rights and interests of another, has the right in good faith to communicate his belief to the party interested.

3. ———: CANDIDATE FOR OFFICE: PRIVILEGED COMMUNICATION. Where one makes a charge affecting the character of another who is a candidate for office, to an elector shortly before the election, in good faith and without malice, he is not liable therefor, his statement being in the nature of a privileged communication.

*Appeal from Franklin Circuit Court.*

TUESDAY, OCTOBER 2.

THIS is an action for slander based upon the following alleged defamatory words: "C. J. Mott cheated you awfully in the sale of those cattle. I can tell you how it was done. In the morning of the day when you and Lehman took the cattle away he had the whole lot watered before you and Lehman were up, and then he had them weighed out to you full of water. He sold those cattle to you full of water; when you thought they had not been watered for twelve hours."

It is alleged in the petition that the defendant intended by the speaking of these words to charge the plaintiff with cheating the purchasers of said cattle, and obtaining money from them by the false pretense that the cattle had not been watered within twelve hours of the time they were weighed.

The petition contained five counts which charged the speaking of substantially the same words at different times, and to different persons.

There was a trial by jury and a verdict and judgment for defendant. Plaintiff appeals.

*King & Henley* and *T. Brown*, for appellant.

*Dow & Harriman* and *McKenzie & Hemmingway*, for appellee.

ROTHROCK. J.—I. The defendant in his answer admitted the speaking of the words charged and justified by alleging that they were true. It appears that the plaintiff sold to the partnership firm of Norris & Lehman about one hundred head of cattle with the understanding that said cattle were not to be permitted to drink any water within twelve hours preceding the weighing and delivering thereof to the said purchasers.

*1. SLANDER: justification.*

The court instructed the jury as follows:

"8. It will not be sufficient to sustain the truth of the charge that the cattle had been drinking or been watered within twelve hours next preceding the weighing, which had not been disclosed to Norris & Lehman, but it must appear to you that the plaintiff caused them to be watered with the design of increasing their weight; that the cattle or some of them drank so as to materially and substantially increase the weight of the lot sold, and that within twelve hours thereafter he weighed them out to Norris & Lehman without informing them that they had been watered, who accepted them in ignorance of the fact, with the understanding that they had not been watered. It was not necessary that all of the cattle had been watered or driven to water, provided a sufficient number of them were watered and drank to substantially and materially increase the weight of the lot or herd sold."

It is urged by counsel for appellant that this instruction is erroneous, because it holds that to sustain the truth of the charge the defendant was not bound to prove all the cattle were watered within twelve hours preceding the weighing.

It is well settled that when the truth of an alleged slander is relied upon as a defense, if the charge impute a crime to the plaintiff, it is incumbent upon the defendant to prove the truth of the charge beyond a reasonable doubt. He is required to establish the truth of the words spoken by such evidence as would justify the jury in finding the plaintiff guilty of the crime upon a trial therefor. *Fountain v. West*, 23 Iowa, 10.

The crime imputed by the words spoken in this case was cheating by false pretenses. The charge was that plaintiff

with intent·to cheat Norris & Lehman watered all of the cattle. · It has often been said that the justification of a slander or libel must be as broad as the charge. Counsel for appellant urge that to meet this requirement the defendant should have proven all of the cattle were watered by plaintiff. We do not think this was necessary. It is clear that if the plaintiff were upon trial for the crime charged, an indictment would be sustained by proof of watering a less number of cattle than charged. So a charge that plaintiff stole one hundred head of cattle would be supported by proof·of the larceny of a less number. No valid objection can be made to a justification in slander which meets all the requirements of proof in a criminal prosecution for the same charge.

II. It is alleged in the answer that the defendant spoke the words, not with malice, but for good and justifiable purposes, as he had a right to do.

·In stating the issues to the jury, the court, in its instructions, said: "The defendant further answers that the speaking of the words was for justifiable purposes, without malice; that is, that he had good reason to believe the words to be true, and did believe them to be true, and spoke the words for the purpose of protecting·the persons addressed,·or the people at large, from the plaintiff's supposed dishonesty. * * * * " No exception is taken to this part of the charge by the court. It appears therefrom that defendant not only relied upon the truth of the charges as a defense, but that he also pleaded that the words spoken were privileged communications.

The court instructed the jury upon this branch of the case as follows:

"10. The defendant has alleged in his answer that the speaking and publishing was for justifiable purposes, and under this issue you are directed that to justify the speaking he must have believed the charge, and have good and reasonable cause to so believe, as an ordinary careful and prudent man. He must have spoken the words without malice, and for the purpose of protecting the party to whom they were addressed, or the public, from the plaintiff's supposed dishonesty. If

they were so spoken, he was justified in speaking, and you will find for the defendant. But if they were not so spoken, or spoken publicly with malice, or if the occasion was made an excuse for gratifying his ill-feeling toward the plaintiff, if he had such, it will not avail him in justification, but will be evidence of malice. And you will consider the words spoken, to whom spoken, the place, and all the circumstances surrounding the speaking, in determining whether he was justified in speaking them. This defense will not apply to all the times of speaking, unless they were all so spoken. It may apply to some and not to others, as you find the facts to be, and the defendant will be required to establish this defense by the preponderance of evidence only, and not beyond a reasonable doubt."

It is conceded by the parties that at the time the cattle were sold by plaintiff, the defendant was in the employ of the

2. ——: good plaintiff in the capacity of a farm laborer. The
faith. defendant testified that he and another employe of plaintiff "watered the cattle, by plaintiff's direction, within twelve hours before they were weighed. Defendant thus claimed to have a personal knowledge of the truth of the charge. If the instruction under consideration is erroneous, as applicable to the justification, we cannot see how the plaintiff was prejudiced thereby. There was no evidence for the defense before the jury, excepting such as pointed directly to the truth of the charge. The defendant himself, according to his own testimony, was the main actor in the matter, under plaintiff's direction, and the jury could not have found a verdict for him under the evidence, without finding that the charge was true. But we think the instruction under consideration, guarded as it is in reference to the defendant's good faith, is not erroneous. "Every one who believes himself to be possessed of knowledge which, if true, does or may affect the rights and interests of another, has the right, in good faith, to communicate such his belief to that other." Townsend on Slander and Libel, Sec. 241, and authorities there cited. This rule applies with its full force to the communication made to the purchaser of the cattle. Their rights and inter-

Mott v. Dawson.

ests were materially affected by the alleged wrongful act of the plaintiff.

It appears from the evidence that the alleged slanderous words in all the other counts of the petition were spoken 3. ——: can- shortly before the general election in October, didate for of- fice: privi- 1873. The plaintiff was a candidate at said elec- leged com- munication. tion for member of the board of supervisors of said county. As we understand the evidence, the charge was made against the plaintiff by the defendant to persons who were electors, and whose suffrages were sought by the candidacy of the plaintiff.

Now, if the words were spoken by defendant without malice, in good faith, believing them to be true, and having reasonable cause as a prudent, careful man to so believe, and with the honest purpose of protecting the public from plaintiff's supposed dishonesty, the defendant is not liable. Under these circumstances, the words spoken are privileged communications. Townsend on Slander and Libel, Sec. 247, and authorities cited in notes. American Leading Cases, Vol. 1, p. 176.

III. The only other error assigned is that the verdict is contrary to the evidence.

The most that can be claimed is that there is a conflict in the evidence upon the main question of fact as to whether the cattle were watered within twelve hours of weighing, by direction of the plaintiff. This conflict was for the jury to reconcile, and we are not prepared to say that their verdict was the result of passion or prejudice, or that it was other than a fair determination of the case under the evidence.

AFFIRMED.