MYERS *v.* LONGSTAFF.

## MYERS V. LONGSTAFF.

1. Where defendant in libel pleaded that the alleged libelous matter was true in substance and in fact, it was a sufficient plea of justification, without repeating in his answer the parts of the defamatory articles set out in the complaint, and alleging the truth of same.

2. Comp. Laws, § 4930, provides that in actions for libel defendant may plead both in justification and in mitigation of damages, and may give evidence of mitigating circumstances whether he prove the justification or not. *Held*, that a refusal to strike out parts of an answer showing that the libelous publication was made in good faith, on probable cause, and without malice, concerning a candidate for public office, was proper, since such facts could be shown in mitigation of damages, irrespective of the question of justification.

3. In the absence of an appeal from an order denying a new trial, the question whether the verdict is supported by the evidence will not be considered on appeal from the judgment.

4. Const. Art. 6, § 5, provides that in libel cases the jury shall determine the law and the facts, under the direction of the court. *Held*, in an action for libel, that where the evidence, including the alleged libel, was absent from the record, an instruction submitting to the jury the question whether the publication charged plaintiff with being prosecuted criminally, for embezzlement would be presumed proper, if it would be proper under any provable state of facts under the pleadings.

5. In an action for libel—the alleged libel being a publication in defendant's newspaper of charges that plaintiff had been guilty of improper conduct when city treasurer, at a time when he was candidate for mayor—it was a proper instruction that the question of the fitness of a candidate for office was a subject for the freest scrutiny; that much latitude was allowed in publication of information to voters of charges affecting the candidate's fitness; that such publication was not actionable, without proof of express malice, though unjust and too severe; but that an attack on the character of a candidate, falsely charging him with a crime not affecting his fitness for the office for which he was running, was not privileged, and malice would be im-

plied from the publication, since plaintiff's conduct as treasurer might properly be shown to the voters as affecting his fitness to be mayor.

6. In an action for libel in publishing in defendant's newspaper charges against plaintiff, he being then a candidate for mayor, where the answer denied express malice, the burden of proof was on the plaintiff to show, by preponderance of evidence, express malice by defendant, since, the plaintiff being a candidate for office, the publication was presumptively privileged, under the pleadings, and malice would not be presumed from the publication.

7. Where the abstract shows requested instructions, some of which are marked "Refused," and the others do not appear to have been refused or excepted to, the appellate court will assume that the instructions not refused or excepted to were given by the trial court.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Beadle county. HON. A. W. CAMPBELL, Judge.

Action by H. Ray Myers against John Longstaff to recover damages for the publication of an alleged libelous communication.. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*John Woods* and *H. Ray Myers,* for appellant.

When the defendant relies in justification upon the truth of the defamatory publications, he must allege the particulars, showing the truth, and where the publications impute the commission of a crime, the defendant must allege and state the particular facts that constitute such crime with the same particularity that is required in an indictment. Bliss on Code Pleadings § 361; Townshend on Slander and libel, 341; 13 Am. and Eng. Ency. of Law, 394; 13 Ency. P. and P. 84; Skinner v. Powers, 1 Wend. 451; Gage v. Roberson, 12 Ohio 250;. Palmer v. Smith, 21 Minn. 419; Brewer v. Chaise, 80 N. W. 575.

A publication of the result of the evidence in not privileged; the

evidence itself must be published.  White v. Nicholls, 44 How. 287;
Thomas v. Croswell, 7 Johnson 271;  Newell on Defamation, 69.

The article published being injurious if false, is libelous *per se.*
Starkey on Slander and Libel, § 188.

Where the language is unambiguous and would naturally cause
injury to the plaintiff the court should decide the question of whether
it was libel or not libel, if true, that is a question for the court and
not a jury.  Moore v. Francis, 121 N. Y. 199;  Urban v. Helmick,
47 Pac. 747;  Kimball v. Fernandez, 41 Wis. 329;  Upton v. Hume,
33 Pac. 810.

Publications in newspapers which injure the reputation and bus-
iness of another are libelous *per se,* if false, even though he were a
candidate for office, unless the article belongs to that class known as
absolutely privileged, and the question whether certain publications
are privileged is one of law to be decided by the court and not by
the jury.  Klinck v. Colby, 46 N. Y. 43;  Lovell Co. v. Houghton,
116 N. Y. 525;  Starkie on Slander and Libel, Sec. 674;  Austin v.
Hyndman, 78 N. W. 663.

Where the publication charges an indictable offense the pre-
sumption of innocence is *prima facia* evidence of falsity, and the de-
fendant must prove the truth of the charge.  Conroy v. Pittsubrg
Times, 21 Atl. 154;  Bailey v. Chapman, 38 S. W. 545.

Where several distinct causes of action are joined in the peti-
tion in different counts, a general verdict is void, the jury must in
such a case return a verdict on each of the counts, and it is proper for
the court to send the jury back.  Thompson on Trials, Vol. 2, § 2640;
Schupps v. Reiley, 35 Mich 395.

When the words set forth are obviously defamatory, the innuen-
do may be rejected as surplusage, and as the language used in the ar-
ticles complained of is plain and unambiguous, no innuendo was

necessary. Townshend on Slander and Libel, 2nd Ed. Page 537, § 342; Bourreseau v. Evening Journal, 63 Mich. 430; 13 Ency. of Pleading and Practice, Page 56.

*A. W. Wilmarth* and *Coe I. Crawford,* for respondent.

The defendant had a right to plead that the article published was privileged. Comp. Laws, § 4930.

It is competent to plead and prove a justifiable motive, Comp. Laws, § 6513.

When the alleged defamatory words are sufficient of themselves to describe the offense, then a general affirmation of their truth is sufficient. Bliss on Code Pl. 2nd Ed., § 361.

It was proper for the court to let the jury determine whether or not the charges published were true, and if not true whether or not they were privileged. Post Publishing Co. v. Maloney, 33 N. E. 921.

CORSON, J. This is an action brought by the plaintiff against the defendant to recover damages alleged to have been sustained by him by reason of certain articles published in a newspaper conducted by the defendant, and claimed by the plaintiff to be libelous. Verdict and judgment for the defendant, and the plaintiff appeals.

It is alleged in the complaint that the plaintiff was a resident of the city of Huron, an attorney at law, a candidate for the office of mayor of said city, and an applicant for a consulship, at the time the alleged libelous articles were published. The defendant admitted that plaintiff is such attorney at law, and was a candidate for the office of mayor, and an applicant for a consulship, and that he published the articles alleged to be libelous. The defendant alleges that said publications were made as a matter of public interest to the people of the whole community, and were true in substance and in fact, and denies that the same were made with any malicious intent. The defendant

further alleges than in October, 1895, the plaintiff was appointed to the office of treasurer of the city of Huron, to fill the unexpired term caused by the resignation of one Patterson, and as such treasurer received the moneys belonging to the city of Huron; that on the termination of his term as treasurer he made a report to the city council of said city of the moneys received and paid out by him as such treasurer; that said city council appointed a committee to investigate the report, and that said committee made their investigation, and reported thereon to the city council, which report showed a shortage in the accounts of the plaintiff as said treasurer in the sum of $467.47; that said city council directed the city attorney to bring an action against the plaintiff to recover the said amount, which action was tried by the circuit court in and for Beadle county, and findings of fact were made and judgment entered, which are fully set out in the answer. The defendant further alleged that, prior to the time the plaintiff was appointed treasurer of said city, certain injunction proceedings were had against his predecessor, and continued as to the plaintiff, which are fully set out in the answer. The answer contains certain other allegations, explanations, and denials, not necessary to be stated in this opinion. The plaintiff moved to strike out portions of this answer, and the refusal of the court to strike out the same is alleged as error. The portions sought to be stricken out consisted mainly of the proceedings had on the trials above referred to, and the circumstances connected with the same. The plaintiff contends that where a party relies, as justification, upon the truth of the alleged defamatory publications, he must allege the particulars showing the truth of the publications; but we are of the opinion that in this case the allegation that the alleged defamatory matter was true in substance and in fact was sufficient. It was not necessary for the defendant to repeat the portions of the articles set out in the complaint, so published, in his answer, and state that each and every of said articles were true.

The plaintiff further contends that the matter pleaded in mitigation of damages should have been stricken out as irrelevant and redundant. Our Code provides that (in actions for libel and slander), "in the actions mentioned in the last section, the defendant may, in his answer, allege both the truth of the matter charged as defamatory and any mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence, the mitigating circumstances." Section 4930, Comp. Laws. The defendant, therefore, having alleged the truth of the matter alleged to be defamatory, was authorized to set up any mitigating circumstances to reduce the amount of damages; and, whether he succeeded in his justification or not, he was authorized to give in evidence the facts pleaded in mitigation of damages. It will be observed that Section 4930, above quoted, very materially changes the common law rule in regard to libel, and that the failure to prove the truth of the alleged defamatory matter is not conclusive evidence of malice on the part of the defendant, and does not ordinarily tend to enhance his damages, but the defendant may still show in mitigation circumstances tending to reduce the amount of damages; and evidence showing that he acted in good faith, upon probable cause, and without malice, would constitute such mitigating circumstances, where the alleged defamatory words were published of and concerning the plaintiff as a candidate for a public office.

The plaintiff further contends that the verdict is not supported by the evidence, but, as the order denying a new trial was not entered of record in the court below at the time the appeal was taken, the question as to the sufficiency of the evidence has been eliminated from the record on motion of the defendant, and is not before us for consideration. See Myers v. Longstaff, 12 S. D. 641, 82 N. W. 183.

The plaintiff further contends that the court erred in its instruc-

tions to the jury. As the evidence is not before us, the instructions will be presumed to be correct, unless they are clearly wrong under any state of facts that might have been proven at the trial. Many of the exceptions taken by the plaintiff to the charge of the court were taken to those parts of the charge in which the court stated to the jury the issues raised by the pleadings, and the claims made by the respective parties. It is not contended that the court did not correctly state the pleadings, the issues raised by them, and the claims of the respective parties. Hence there can be no error predicated upon these portions of the charge. It is due, perhaps to counsel for the plaintiff to say that they based these exceptions to those portions of the charge upon the ground that the matter moved to be stricken out was irrelevant, redundant, and immaterial, and constituted no defense to the action, and also for the reason that there was no proper plea or allegation in the answer amounting to a justification, and for the further reason that there was no evidence in the case to support such a pleading. As this court, however, holds that the court committed no error in refusing to strike out those portions of the answer complained of, and the evidence is not properly before us, the objections to those portions of the instructions require no further consideration.

The plaintiff further contends that the following portion of the charge to the jury was erroneous: "Now, gentlemen, about the first question you will be called upon to solve is this: What impression would this first article complained of ordinarily convey to the mind of the reader? The rule is that, where an article alleged to be libelous is susceptible of two meanings, it is for the jury to say, after an inspection of the article, what would naturally be understood therefrom by the ordinary reader. The plaintiff contends that the only inference to be drawn therefrom is that he was being prosecuted criminally for the crime of embezzlement, while the defendant claims that

no such inference could reasonably be drawn, but that it would be generally understood by ordinary readers to mean simply that he was said to be short in his accounts as treasurer, and that the proceedings were simply proceedings to ascertain and enforce the rights of the city." The plaintiff claims that the court erred in this portion of its charge, for the reason that the construction or meaning of the language used in the published articles and complained of, was not a question for the jury, but was a question of law for the court. We are of the opinion, however, that the court was right in holding that the meaning of the alleged defamatory articles was for the jury to determine. The evidence not being before us, the several articles published and alleged to be defamatory being a part of the evidence, we must presume that the question of whether or not an indictable offense was charged, and what would be understood from the articles by the ordinary reader, could only be determined by an inspection of the articles themselves. That such should be the rule in this jurisdiction is made clear by the provisions of our state constitution which read as follows: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right. In all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense. The jury shall have the right to determine the fact and the law under the direction of the court." Article 6, § 5, Const. It will thus be seen that the framers of our organic law have carefully guarded the rights of a defendant in an action for libel, by declaring that the jury in such cases shall determine the fact and the law, evidently intending thereby to take from the judge the right (except, perhaps, in cases where the language admits of only one construction) to declare the meaning of an alleged libelous publication. Under this provision of our constitution, it would have been error for the court to have taken this question from the jury.

The plaintiff also excepted to the following portion of the charge: "The law provides that a privileged communication, so far as it relates to this case, is one made in a communication, without malice, to a person or persons interested therein, by one who is also interested, or by one who stands in such relations to the persons interested as to afford a reasonable ground for supposing the motive for the communication innocent. The defendant claims that, the plaintiff being at the time a candidate for office at the hands of the voters of this community and he (the defendant) being a resident of the city of Huron, he was interested in the result, and that the residents of the city, to whom the publications were addressed, and who read the paper published by him, were also interested in like manner; that he was not actuated or inspired by malice in publishing the articles referred to; and that they are, therefore, privileged, under the rules which I have given you, and were, therefore, not libelous. And, generally, upon the question of privileged communications, I charge you that the law is that the fitness and qualifications of a candidate for an elective office may be a subject for the freest scrutiny and investigation, either by the proprietor of a newspaper or by a voter or person having an interest in the matter, and that much latitude must be allowed in the publication, for the information of voters of charges affecting the fitness of a candidate for the place he seeks, so long as it it done honestly and without malice; nor will such a publication be actionable, without proof of express malice, although it may be harsh, unjust, and unnecessarily severe, for these are matters of opinion, of which the party making the publication has a right to judge for himself. In the case of such a publication the occasion rebuts the inference of malice which the law would otherwise raise from the falsity, and no right of action exists, even though the character of the party has suffered, unless he is able to show the existence of

actual malice. You will, however, understand that this privilege accorded to a newspaper publisher or any other person cannot avail any one as a defense, who may seek under cover of it to maliciously attack or traduce the character of any person by publishing of such person false and libelous articles concerning himself. If a publication attacks the private character of a candidate for office by falsely inputing to him a crime in some respect not specially going to the question of his fitness for the office to which he aspires, it is not privileged by the occasion, either absolutely or qualifiedly, is actionable *per se,* and the law implies malice; and it is no justification that the publication was made with honest belief in its truth, in good faith, and for the purpose of influencing voters. Such publications can only be justified by proof of their truth." The objection to this part of the charge, as stated by the plaintiff in his brief, is that it does not correctly state the law on the question of privilege, and, further, that there is no evidence in the case to sustain the charge as given, for the reason that the plaintiff in this action was not at the time of the publication of the articles complained of a candidate for the office of treasurer of the said city of Huron. We are of the opinion that the court below very fully and fairly stated the law applicable to this case, as disclosed by the pleadings. It is true, the plaintiff was not a candidate for the office of treasurer, but the manner in which he had conducted himself in that office might be very properly brought to the attention of the electors, as tending to show his fitness or unfitness for the office of mayor. As will be noticed, the latter portion of this charge is very favorable to the plaintiff, as it specifiically charges the jury that the privilege accorded to a newspaper publisher cannot avail him as a defense, if, under cover of it, he maliciously attacks or traduces the reputation of a candidate for office by falsely imputing to him a crime in some respects not specially going to his fitness for the office

to which he aspires, and that in such case it was not privileged, and by its publication the law implies malice. Whether or not there was evidence to sustain the charge cannot, for the reasons before stated, be considered by this court.

The plaintiff also excepted to the following portion of the charge: "If he has established these necessary elements, and all of them, by a preponderance of evidence, then he is entitled to a verdict in this case. If they are not all so established, your verdict should be for defendant." In support of the exception to this part it is contended that the burden of proof in this case was not upon the plaintiff to prove malice on the part of the defendant, but that malice was conclusively presumed from the publication itself, and from the language used. Under the pleadings the alleged libelous publications were presumptively privileged, and in such a case the burden of proving express malice on the part of the defendant is upon the plaintiff, and he could not recover without proof of such malice. The test of a privileged communication is thus stated by the supreme court of Pennsylvania in Briggs v. Garrett, 111 Pa. St. 404, 2 Atl. 513: "A communication to be privileged, must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or probable cause. When so made in good faith, the law does not imply malice from the communication itself, as in the ordinary case of libel. Actual malice must be proved before there can be a recovery. And whether a communication be privileged or not is a question for the court, not for the jury." White v. Nicholes, 3 How. 266, 11 L. Ed. 591; Chaffin v. Lynch, 84 Va. 884, 6 S. E. 474; Marks v. Baker, 28 Minn. 162, 9 N. W. 678; Mott v. Dawson, 46 Iowa, 533; State v. Balch, 31 Kan. 465, 2 Pac. 609. In White v. Nicholls, *supra,* the supreme court of the United States, after a full review of the authorities, arrived at the following conclusion: "That the descrip-

tion of cases recognized as privileged communications must be understood as exceptions to this rule [general rule]. * * * The rule of evidence as to such cases is accordingly so far changed as to impose it upon the plaintiff to remove those presumptions flowing from the seeming obligations and situations of the parties, and to require him to bring home to the defendant the existence of malice, as the true motive for his conduct." In the case at bar the occasion was a proper one, and the publication a privileged one; and in such case, as we have seen, the law does not imply malice, but actual malice must be proved before there can be a recovery. The court, therefore, was clearly right in his instructions to the jury.

The plaintiff requested the court to give to the jury certain instructions, which were refused by the court, and exceptions taken. There were six of these instructions marked "refused," and five others are printed in the abstract which do not appear to have been refused or exceptions taken to them; and these latter, we must presume, were given by the court. The requests refer mainly to the construction to be given to the language used in the portions of the articles set out in the complaint. As we have before stated, it was the province of the jury to determine from the articles published as to what meaning should be given to the various expressions contained therein.

The plaintiff has argued this case upon the theory that the defendant charged him with the commission of an indictable offense, and that if he failed to prove such charge, malice would be presumed, and the plaintiff would be entitled to recover. As we have before stated, the defendant denies that he intended to charge the plaintiff with the commision of any criminal offense, and hence the question of whether or not such an offense was charged in the articles alleged to be libelous was a question for the jury; and, from their verdict,

we may assume that they either found that the charges made were true, or that no indictable offense was charged.

The plaintiff has also argued the case upon the theory of an ordinary libel, apparently overlooking the fact that the articles published were so published while the plaintiff was a candidate for the office of mayor and a candidate for a federal office, and were, therefore, privileged publications, if published in good faith, with probable cause, and without malice. The rule seems to be well settled that the fitness and qualifications of a candidate for an elective office may be the subject of the freest scrutiny and investigation by the proprietor of a newspaper having an interest in the matter, and that much latitude must be allowed in the publication, for the information of voters, of charges affecting the fitness of a candidate for the place he seeks, so long as it is done in good faith, in the honest belief that the matter published is true, and without malice. Nor will such publication be actionable, without proof of express malice; for these are matters of opinion, of which the party making the publication has a right to judge for himself, provided the charges are made without malice, in good faith, and after a full and honest investigation of the subject. When one becomes a candidate for public office, he thereby deliberately places his conduct, character, and utterances before the public for their discussion and consideration. They may be criticised by the writer or speaker, and the law will protect such writer or speaker, providing that, in their statement of or concerning the facts upon which their criticisms are based, they preserve an honest regard for the truth, or their criticisms are made in good faith, and in the honest belief, after reasonable investigation, that they are true. As said by Judge Cooley: "There must be exemption from liability for statements made in good faith and in the belief of their truth, the making of

which, if true, would be justified by the occasion.   There should consequently be freedom in discussing in good faith the character, habits, and mental and moral qualifications of any person presenting himself, or presented by his friends, as a candidate for public office, either to the electors, or to a board having powers of appointment." Cooley, Torts, 217.   But as very correctly stated by the learned circuit judge in his charge to the jury:  "This privilege accorded to a newspaper publisher or any other person cannot avail anyone as a defense, who may assume, under cover of it, to maliciously attack or traduce the character of any person by publishing as to such person false and libelous articles concerning him.   If the publication attacks or traduces the private character of a candidate for office by falsely imputing to him a crime in some respect not specially going to the question of his fitness for the office to which he aspires, it is not privileged."

There were certain exceptions taken to the admission of evidence, but they were based mainly upon the theory of the plaintiff that portions of the answer were irrelevant and redundant, and should have been stricken out by the court.   The views we have expressed upon this subject render it unnecessary for us to discuss or consider these objections.   Finding no error in the record, the judgment of the court below is affirmed.