## MYERS V. LONGSTAFF.

Where an appeal is from a judgment and an order denying a motion for a new trial, made after the judgment, and the order has not been entered below, such appeal will not be dismissed, but the motion for new trial will be disregarded.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by H. Ray Myers against John Longstaff, Motion to dismiss plaintiff's appeal from a judgment in favor of defendant. Motion denied.

*John Wood* and *H. Ray Myers*, for appellant.

*A. W. Wilmarth*, for respondent.

HANEY, J. This is an appeal from a judgment and an order denying a new trial, made after judgment. Respondent moves to dismiss upon the following grounds: (1) That the abstract fails to show that the notice of intention to move for a new trial, notice of motion for a new trial or proposed bill of exceptions was ever served upon the respondent or his attorney, and fails to show that the judgment appealed from, or the order overruling the motion for a new trial, was entered of record when this appeal was taken; (2) that the bill of exceptions does not specify any particular error upon which the plaintiff intended to rely in his motion for a new trial; (3) that of the 19 errors assigned in this court, the last is the only one to which the attention of the court below was called, and that was not specifically assigned in the court below or in this court, so as to call the court's attention to any grounds wherein the evidence was insufficient to justify

12 S. D.—41

the verdict and judgment; (4) that the seventh assignment of error does not point out any particular error of the court in overruling the motion for a new trial; (5) that the notice of intention and proposed bill of exceptions were not served within the time required by the statute, such time not having been extended, and no showing made why such acts were not done within the time required by law; (6) that all of the oral evidence is unnecessarily included in the bill of exceptions, and printed in appellant's abstract, contrary to the statute and rules of this court; (7) that the assignments of error in the bill of exceptions and appellant's abstract do not state wherein the evidence was insufficient to justify the verdict and judgment.

It appearing upon the hearing of this motion, from the circuit clerk's affidavits that the judgment was and the order was not entered before the appeal was taken, appellant was allowed to amend his abstract in accordance with the facts. Where an appeal is from a judgment and order denying a motion for a new trial, made after judgment, and the order has not been entered below, such appeal will not be dismissed, but the motion for a new trial will be disregarded. Machine Co. v. Skau, 10 S. D. 636, 75 N. W. 199; Mettel v. Gales 12 S. D. 632, 82 N. W. 181. In reviewing the record as if no motion for a new trial had been made the court will, of course, consider only such errors as are properly presented. None of the matters mentioned in respondent's motion, except the entry of judgment, is ground for dismissal; and, as his contention in relation thereto is not sustained by the facts, his motion must be denied, with leave to serve and file an additional abstract and brief on or before the first day of the next term, to which the cause will be continued.