## KELLY & JONES COMPANY v. MOORE.

1. "When a defendant against whom a verdict has been rendered makes a motion for a new trial, he can not properly, while the same is still pending and undisposed of, bring to this court for review 'any ruling, order, or decision made by the judge during the progress of the case, or the judgment entered upon the verdict." *Duke* v. *Story*, 113 *Ga.* 112.

2. Where a motion to dismiss a writ of error pending in this court was duly made, on the ground that it had been sued out while the motion for a new trial was pending in the superior court, and this was accompanied by affidavits of the counsel, party, and clerk, showing such to be the fact, and a motion to require the additional record to be certified and sent

up was made, this court has authority to direct the clerk to certify and forward a copy of the motion for a new trial and all orders passed thereon, so that it may appear from the record whether in fact a motion for a new trial had been made and was pending when the bill of exceptions was certified.

3. It appearing, from the certified transcript of the record transmitted by the clerk of the superior court under order of this court, that a motion for a new trial had been made and was pending and undisposed of when the bill of exceptions was tendered and signed, complaining of rulings of the character referred to in the first note above, the writ of error will be dismissed by this court.

Submitted March 3,—Decided May 14, 1906.

Motion to dismiss the writ of error.

*C. D. Maddox* and *Arnold & Arnold,* for plaintiff in error.

*Culberson & Johnson,* contra.

LUMPKIN, J. 1. A motion to dismiss the writ of error was duly made. It was brought to the attention of this court, by the motion and affidavits accompanying it, that the bill of exceptions was signed and the case brought here while it was still pending on a motion for a new trial in the court below. A motion was also made that this court should require the clerk of the superior court to certify and transmit a copy of the motion and rule nisi and entries of filing and service. We directed that the clerk transmit also all orders and the motion. The errors complained of in the bill of exceptions were made during the progress of the case, including the direction of a verdict. The case falls exactly within the ruling in *Duke* v. *Story,* 113 *Ga.* 112. There was no denial of this on the part of counsel for plaintiff in error, but they contended that this court should not require the clerk to certify and transmit the additional record necessary to pass upon this question. We think otherwise. The code declares that, if it appears from a reading of the reporter's statement or the argument of counsel, or in the consideration of the case preparatory to making up the judgment, "that any part or portion of the record of the case in the court below has not been brought up, and such part of the record is necessary, in the opinion of the court, to be before them in order to fully and fairly adjudicate the questions at issue and the alleged errors, then the court shall, by its order directed to the clerk of the court below, require him to certify and send up such portions of the record as, in the opinion of the Supreme Court, are needful or necessary in order to fully and fairly adjudicate the errors as-

signed." Civil Code, §5536. In our opinion, it was necessary in this case, in order to fully and fairly adjudicate the errors assigned, and determine whether they were properly brought here or whether the case was still pending in the court below, to have the clerk certify the additional record. It would be a very narrow construction of this broad power conferred upon the Supreme Court to hold that they must adjudicate the case whether they have jurisdiction to do so or not, and that upon suggestion and motion they could not have the necessary record transmitted in order to ascertain the real situation and facts of the case. Suppose a bill of exceptions should assign error on the overruling of a motion for a new trial, and it should be properly made to appear to this court that in fact the motion was withdrawn and dismissed by the movant, certainly we would not be compelled to disregard this and grant him a new trial nevertheless; nor would we be precluded, in the use of the discretionary power conferred in this section, from directing the clerk to send up the necessary record in order to ascertain the fact. We will not, of course, undertake to hear conflicting evidence and decide issues of fact; but we can have the record completed, where it is necessary to do so in order to make a proper adjudication.

*Writ of error dismissed. All the Justices concur.*