### 116. CARREKER v. THORNTON.

Argued February 19,—Decided March 28,—Rehearing denied April 16, 1907.

---

### 117. CARREKER v. THORNTON.

The verdict was not without evidence to support it; and the admission of the testimony complained of was not of sufficient materiality to require a reversal.

Garnishment and claim, from Pike superior court—Judge Reagan.  May 7, 1906.

Submitted February 19,—Decided March 28,—Rehearing denied April 16, 1907.

*E. C. Armistead, G. D. Dominick,* for plaintiff in error.

*J. M. Smith, W. W. Lambdin, John W. Bennett,* contra.

POWELL, J.   Thornton sued out an attachment against Beck-
ham and caused summons of garnishment to be issued and served
upon J. D. Carreker; the garnishee answered, and the plaintiff in
error filed a claim to the fund.   The issue was submitted to the
jury, and they found for the plaintiff.   The claimant filed a mo-
tion for new trial, upon the general grounds and upon the ground
that the judge erred in admitting certain testimony.   During the
pendency of this motion for new trial the claimant presented and
caused to be certified and transmitted to this court (or rather the
Supreme Court, from which it was transferred to this court) a bill
of exceptions assigning error upon several important rulings made
during the progress of the case, and also upon the final judgment.
That bill of exceptions, we were constrained to hold, under re-
peated rulings of the Supreme Court, was prematurely brought,
and the same has been dismissed (Case No. 116, ante).   The
questions presented in that bill of exceptions are therefore no longer
before this court for decision, and we have jurisdiction only of
the assignments of error made in the motion for new trial, to
the overruling of which a distinct bill of exceptions was sued out.
We have examined these grounds carefully, and our judgment
therein is announced in the headnote.        *Judgment affirmed.*

### ON MOTION FOR REHEARING.

POWELL, J.   Motion has been filed to rehear both these cases.
In No. 117 the ground is that the court overlooked the fact that
the allegations of fraud in the plaintiff's petition were general and
not specific.   We reached the conclusion that even in the absence of
the issue of fraud the verdict rendered was demanded by the evi-
dence; hence we disregarded these allegations as mere surplusage.
We are asked to rehear No. 116 principally on the ground that
this court overlooked the fact that one of the assignments of error
was upon the court's refusal to dismiss the case; and it is insisted
that this is an error which will admit of bill of exceptions to this
court, although the case be still pending in the court below.   See
*Montgomery* v. *King,* 125 *Ga.* 388; *Ramey* v. *O'Byrne,* 121 *Ga.*
519; *DeBarry-Baya Merchants' Line* v. *Austin,* 76 *Ga.* 306; *Brown*
v. *Massman,* 71 *Ga.* 859.   The headnote opinion filed by this court
is a verbatim reproduction of the decisions in each of the cases
cited in it (*Duke* v. *Story,* 113 *Ga.* 112, and *Kelly* v. *Moore,* 125
*Ga.* 382) ; and the unrestricted words used therein, "any ruling,

order, or decision made by the judge during the progress of the case," seem broad enough to include the overruling of a motion to dismiss the plaintiff's case. Upon reflection we are convinced, however, that the Supreme Court probably did not intend to extend the rule as far as these words, given their full sense, would imply; and if a modification or explanation of these decisions would benefit the plaintiff in error in this case, we would probably, out of desire not to dismiss a meritorious case for avoidable technicalities, grant the rehearing and certify the question of their review and modification to the Supreme Court. However, as we shall presently show, no change of these decisions could operate to affect the actual result accomplished in the present case. Our doubt of the Supreme's Court intention to include, in the language quoted, decisions or rulings of the trial court of the character first referred to above arises from the fact that in *Duke* v. *Story* there was no such ruling excepted to; and that in *Kelly* v. *Moore,* although the plaintiff in error did except, among other things, to a refusal to dismiss the plaintiff's action, it appears from the opinion that it was conceded by counsel for both parties that if the court had the right to look to record ordered sent up, though not originally specified, the case was within the rule in the *Duke* v. *Story* case so that the point, in this view, was not brought to the attention of the court.

Returning to the case at bar, the plaintiff in error relies upon only one assignment of error as bringing into review any ruling of that conditional finality essential to the maintenance of a writ of error before final judgment in the court below; he refers to an exception to the overruling by the trial court of a motion made by the claimant in garnishment (now plaintiff in error) "to dismiss the case on the ground that the court had no jurisdiction of the subject-matter, nor of the person of the defendant in attachment," the grounds given being that the attachment was returned to the wrong court. It should be noted that the case in which this bill of exceptions was sued out was the issue formed by the plaintiff in attachment and the claimant, who had dissolved the garnishment thereon sued out, upon a traverse to the answer of the garnishee. We are at some difficulty in determining what the plaintiff in error meant by his motion "to dismiss the case,"—certainly not the claim or the traverse, the case actually on trial; for he himself had

filed these. We incline to the opinion that he referred to the attachment; but the claimant can not move to dismiss the attachment upon an issue of this kind; though he might move to exclude it when offered in evidence against him; or he might move to dismiss the levy of the garnishment. *Gazan* v. *Royce,* 78 *Ga.* 512; *Osborne* v. *Rice,* 107 *Ga.* 282; *Morrison* v. *Anderson,* 111 *Ga.* 847. Even if, out of extreme liberality, we should construe the motion as being directed against the levy, it was not well taken; a return to the improper court does not render the levy void, as the case should be transferred with the levy intact to the proper court. *Bryant* v. *Mercier,* 82 *Ga.* 409; *Dawson* v. *Garland,* 83 *Ga.* 304.

So that if the exception relied on in this case be considered as timely for the purposes of jurisdiction of the present writ of error, it is not good in substance; and a rehearing will not be granted merely to change the judgment from that of dismissal to one of affirmance, the result in both cases being identical.