## 1227.  JORDAN *v.* THORNTON.

1. Where a claim bond has been given under § 4720 of the Civil Code, for the purpose of dissolving a garnishment, and the issue between the plaintiff in garnishment and the claimant, as to the ownership of the fund garnished, has been adjudicated adversely to the claimant, and a judgment in favor of the plaintiff rendered against the claimant and his surety on the dissolution bond, the surety is bound by the judgment rendered against the claimant, and can not subsequently be heard to attack the right of the plaintiff to the fund garnished, on any ground put in issue or that, under the rules of law, could have been put in issue by the claimant, in the previous case in which the judgment was rendered.

2. The direction of a verdict on the ground that all the questions in issue were res adjudicata was demanded by the evidence.

Affidavit of illegality, from Pike superior court—Judge Reagan. April 17, 1908.

Argued July 17, 1908.—Decided February 9, 1909.

*G. D. Dominick, E. C. Armistead,* for plaintiff in error.

*Henry O. Farr, James M. Smith,* contra.

HILL, C. J.  This was an affidavit of illegality, filed by the plaintiff in error, to the levy of an execution which had been issued upon a judgment against him as surety on a claim bond filed by H. J. Carreker, under section 4720 of the Civil Code, for the purpose of dissolving a garnishment which had been duly issued and served upon J. D. Carreker as the executor of Russell Beckham. At the conclusion of the evidence, the court directed a verdict against all the grounds in the affidavit, except the fifth ground, and entered up a judgment directing that the execution proceed; whereupon the affiant filed a motion for a new trial, which was overruled; and this judgment is brought to this court for review.

In directing the verdict complained of, the court instructed the jury as follows: "It appears, from the evidence, that the matters presented in the affidavit of illegality had been formerly adjudicated, or could have been raised, between the plaintiff in fi. fa. and the claimant, of the funds garnished.  Then, as matter of law, the surety on the bond to dissolve the garnishment was concluded by the judgment on the former trial; and it appears that the plaintiff in this illegality was that surety."  This instruction is excepted to, first, "because the defendant in illegality had previously made a motion to dismiss the illegality, on the ground that the matters presented by the affidavit of illegality

were nothing other than questions of law, and were, or could have been, raised in the former trial, and were therefore concluded by the judgment in the former trial; which motion the court overruled, on the ground that the matters presented by the affidavit of illegality involved questions of fact, and submitted the same to the jury;" and that "said judgment of the court overruling the said motion established the law of this particular case, until reversed or set aside." Numerous other exceptions are made to the direction of the verdict, all of which may be embraced in the general statement that the court erred in instructing the jury that all the matters presented in the affidavit of illegality had been formerly adjudicated, or could have been raised, between the plaintiff in fi. fa. and the claimant of the funds garnished, on the trial of the traverse of the garnishee's answer. To determine the question as to whether this instruction of the court was in accordance with the evidence, a general statement of the facts previously at issue and adjudicated between the plaintiff in fi. fa. and the claimant of the funds garnished, on the trial of the traverse of the garnishee's answer, is necessary.

H. J. Thornton, the defendant in error in the present case, sued out an attachment against one J. J. Beckham, returnable to the county court of Pike county, and this attachment was served by serving the summons of garnishment upon J. D. Carreker, as the executor of Russell Beckham. The executor answered the garnishment, admitting that he had in his hands, arising from the sale of certain property belonging to the estate of his testator, Russell Beckham, a certain amount of money (which was more than the amount of the debt claimed by the plaintiff in his attachment, and which was the defendant Beckham's distributive share of said estate). He further answered that this amount had been claimed by one H. J. Carreker, who had given a bond in due form for the dissolution of the garnishment, in accordance with §4720 of the Civil Code, and the garnishee had thereupon paid the amount over to the claimant. The plaintiff in attachment traversed the answer of the garnishee, averring that the funds in the hands of the executor, which were ready for distribution, did not belong to the claimant, H. J. Carreker, but did belong to the defendant in attachment, J. J. Beckham. On the trial of the traverse, the jury found a verdict in favor of the plaintiff, and a judgment was

thereupon entered, in due form of law, against the claimant, H. J. Carreker, as principal, and J. T. Jordan, the present plaintiff in error, as surety on the dissolution bond. The claimant thereupon filed a motion for a new trial, which was overruled, and also brought a direct bill of exceptions to the Court of Appeals. The Court of Appeals dismissed the direct bill of exceptions, as having been prematurely brought (see *Carreker* v. *Thornton, 1 Ga. App.* 508 (57 S. E. 988)), and affirmed the judgment overruling the motion for a new trial. Id. 509, 510. After the judgment of the Court of Appeals in the two cases had been made the judgment of the lower court, J. T. Jordan, the surety on the claimant's bond to dissolve the garnishment, interposed his affidavit of illegality to the levy of the execution based on the judgment against him as such surety. A careful comparison of the records in the two cases (the former case of *Carreker* v. *Thornton,* supra, and the instant case of *Jordan* v. *Thornton*) clearly shows that every question, both of law and fact, put in issue in the instant case was, put in issue or, under the rules of law, might have been put in issue, in the former case. Briefly stated, it appears from the records of the two cases that in the former case the claimant of the fund in the hands of the garnishee, on the trial of the traverse of the answer of the garnishee, made numerous attacks on the validity of the plaintiff's attachment and his right to the fund garnished,. all of which were found against him in the court below; which adverse judgment was affirmed by the Court of Appeals; and that after this adverse judgment of affirmance had been made the judgment of the court below, and the fi. fa. issued thereon ordered to proceed against him and the surety on his bond given to dissolve the garnishment, the surety on this bond filed an affidavit of illegality, in which he set up the same grounds of attack, upon the validity of the judgment and execution against him, which his principal in the dissolution bond had previously made against the right of plaintiff in attachment to the funds garnished. After the principal in the bond to dissolve the garnishment,—the claimant in the case,—has been fully heard as to all matters affecting the validity of plaintiff's attachment and his right to the fund garnished, and all such matters have been determined against the principal in the bond, by a court of competent jurisdiction, we do not think that the surety on the bond can be heard on the same matters.

which were put in issue or could, under the rules of law, have been put in issue in that case. It is well settled by the code of this State, and many decisions of the Supreme Court, that the judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which, under the rules of law, might have been put in issue, in the case wherein the judgment was rendered. Civil Code, § 3742; 6 Michie's Dig. Ga. Rep. 307, 333. The judgment directing a verdict was demanded by the evidence.

The one question made in the present case that was not fully made and decided in the former case, to wit, that the court overruled the motion to dismiss the affidavit of illegality, on the ground that the matters presented by the affidavit were such questions of law that a ruling on them established the law of this particular case until reversed or set aside, and that the submission of the questions as to matters of fact in the direction of the verdict was therefore erroneous, we think is without merit. A judgment or ruling of a court is entirely within the control of the court during the term at which it is made. We know of no reason why a judge during the trial of a case can not change his ruling. The judgment in the present case, overruling the motion to dismiss the affidavit of illegality, even if it was inconsistent with the judge's direction of the verdict, was a matter entirely within his control, and settled the law of the case only until reviewed during the trial.

*Judgment affirmed.*