## JONES v. EVANS.

No. 2213. Decided June 15, 1911 (116 Pac. 333).

1. APPEAL AND ERROR—PROCEEDINGS FOR TRANSFER OF CAUSE—TIME FOR TAKING PROCEEDINGS. Under Comp. Laws 1907, sec. 3301, providing that an appeal may be taken within six months from the entry of judgment or order appealed from, and section 3329, providing that the time for taking an appeal may not be extended, a judgment becomes final for the purpose of an appeal on the overruling of a motion for a new trial.1 (Page 292.)

---

1 Watson v. Mayberry, 15 Utah, 265, 49 Pac. 479; Stoll v. Daly M. Co., 19 Utah, 271, 57 Pac. 295; Felt v. Cook, 31 Utah, 299, 87 Pac. 1092; Everett v. Jones, 32 Utah, 489, 91 Pac. 360; Warnock, etc. v. Peterson, etc., 35 Utah, 542, 101 Pac. 699.

2. APPEAL AND ERROR—PROCEEDINGS FOR TRANSFER OF CAUSE—TIME FOR TAKING PROCEEDINGS. The rule prescribed by Comp. Laws 1907, secs. 3286, 3294, that, where a case is tried to the court without a jury, the time for preparing and serving a bill of exceptions and for service and filing a notice of motion for new trial begins to run only from the time of the service of notice of the decision does not apply by analogy to the six-month period prescribed by section 3301, within which to take an appeal, even where a notice of the overruling of a motion for a new trial, not required by statute, was actually served subsequent to the date of the overruling of the motion. (Page 293.)

APPEAL from District Court, Third District. *Hon. C. W. Morse*, Judge.

Action by Daniel Jones against Ellen Joice Evans.

Judgment for plaintiff. Defendant appeals.

DISMISSED.

*Hurd & Hurd* for appellant.

*Rawlins, Ray & Rawlins* for respondent.

FRICK, C. J.

Respondent has filed a motion to dismiss the apppeal upon the ground that this court is without jurisdiction to hear and determine it, for the reason that the appeal was not taken in time. Comp. Laws Utah 1907, section 3301, provides as follows: "An appeal may be taken within six months from the entry of the judgment or order appealed from." Section 3329 provides that the time for taking an appeal may not be extended. The judgment appealed from was entered on the 8th day of June, 1909. A motion for a new trial was overruled on June 2, 1910, and the notice of appeal was served and filed December 7, 1910, or more than six months after the motion for a new trial was overruled. This court has repeatedly held that a judgment becomes final for the purpose of an appeal on the overruling of a motion for

a new trial. (*Watson v. Mayberry,* 15 Utah, 265, 49 Pac. 479; *Stoll v. Daly M. Co.,* 19 Utah, 271, 57 Pac. 295; *Felt v. Cook,* 31 Utah, 299, 87 Pac. 1092; *Everett v. Jones,* 32 Utah, 489, 91 Pac. 360; *Warnock, etc. v. Peterson, etc.,* 35 Utah, 542, 101 Pac. 699.) Appellant, therefore, could have appealed immediately after the motion for a new trial was overruled on June 2d, and, by excluding that day, could have done so up to and including December 3, 1910, but not later.

Appellant, however, contends that the six months within which she was required to appeal did not commence to run until she was served with a notice that the motion for a new trial had been overruled. It is not claimed that there is any express statutory provision to this effect, but it is contended that, because section 3286 provides that where a case is tried to the court without a jury the time for preparing and serving a bill of exceptions begins to run only from the time of the service of notice of the decision, and that, under section 3294, the time for serving and filing a notice of motion for a new trial runs only from the time of service of such notice on the attorney of the adverse party, by analogy, therefore, notice of the decision is also necessary for the purpose of fixing the time when the six months under section 3301, *supra,* begins to run.

We cannot agree with this contention. Where the time within which a certain act must be done is by statute required to be done from the entry of judgment, or from the overruling of a motion, the time begins to run when the ruling occurred or the entry is made, and unless notice of such ruling or entry is required by statute the courts ordinarily cannot require it. The parties to an action, in the absence of a statute to the contrary, must at least take notice that the court has finally disposed of the case and govern themselves accordingly. In view that the legislature provided for the service of notice of the decision of the court to set the time running for the purpose of filing a motion for a new trial, and also for the purpose of preparing and serving a bill of exceptions, but did not require the service of such notice for the purpose of setting in motion the time within which an

appeal must be taken, is a circumstance from which it is legitimate to infer that, while the legislature required such notice for the former purposes, it did not intend to require it for the latter purpose. Such a distinction, to our minds, is quite reasonable. In the first two instances, the time in which the act is required to be done is quite short; while in the latter such is not the case. Moreover, in the latter case the losing party should at least be presumed to have sufficient interest in his own case to keep informed of what the final action of the court was, and if he is dissatisfied with such action be prepared to take an appeal within the time fixed by statute. If the final disposition of the case is of so small importance to the losing party that he is not concerned with what the court has done until he is specially notified, then it would seem that the case is of too small importance for him to take it to the appellate court for review. But be that as it may, it is clear that in this case the appeal was not taken within six months after the judgment became final and hence appealable, and for that reason this court cannot acquire jurisdiction. Nor does it make any difference that in this case a notice of the overruling of the motion for a new trial was actually served on the 8th day of June, 1910. Such a notice, not being authorized by statute, cannot serve as a means for extending the time within which an appeal may be taken.

The motion to dismiss the appeal, therefore, should be sustained, and the appeal dismissed. It is so ordered.

McCARTY and STRAUP, JJ., concur.