## LINDLEY v. BRADSHAW.

No. 2600.   Decided August 14, 1914 (141 Pac. 300).

APPEAL AND ERROR—TIME OF NOTICE.  Within Comp. Laws 1907, section 3301, requiring notice of appeal to be served and filed within six months from entry of the judgment appealed from, the judgment becomes final, and the six months commence to run, on the overruling of the motion for new trial, made after entry of judgment.[1]

Appeal from District Court, First District; *Hon. J. D. Call*, Judge.

Action by William Lindley against James Bradshaw.

Judgment for defendant.   Plaintiff appeals.

DISMISSED.

*Nebeker, Thatcher & Bowen* for appellant.

*J. C. Walters* for respondent.

FRICK, J.

This action was brought to recover damages for a failure to keep in repair a partition fence.   The right of action is based on Comp. Laws 1907, section 73.   A trial to a jury resulted in a verdict in favor of the defendant, and the plaintiff appeals.   The defendant has interposed a motion to dismiss the appeal upon the ground that this court is without jurisdiction to hear and determine the same for the reason that the notice of appeal was not served and filed within six months from the entry of judgment, the time required by Comp. Laws 1907, section 3301.

The record discloses that the verdict of the jury was returned April 17, 1913, and that a judgment was entered on the same day; that a motion for a new trial was served and filed April 21, 1913; that the motion for a new trial was denied May 22, 1913; and that the notice of appeal was

[1] *Jones* v. *Evans*, 39 Utah 291; 116 Pac. 333.

served and filed on the 31st day of December following, or seven months and seven days after the motion for a new trial was denied.   The time at which judgment became final, and from which the six months within which notice of appeal had to be served and filed commenced to run, was May 23, 1913.   The appeal was therefore not taken in time.

The motion to dismiss the appeal comes squarely within, and is supported by, the rule laid down by us in the case of *Jones* v. *Evans,* 39 Utah 291; 116 Pac. 333.

The motion to dismiss the appeal must therefore be sustained, at appellant's cost.   Such is the order.

McCARTY, C. J., and STRAUP, J., concur.