## FULLER v. FERRIN et al.

No. 3037.   Decided November 15, 1917.   (168 Pac. 1179.)

APPEAL AND ERROR—TIME FOR APPEAL—COMMENCEMENT OF PERIOD—
MOTION FOR NEW TRIAL.  When the motion for new trial was
overruled on June 5, 1916, the judgment became final, and the
time for appeal began to run on such date, and a notice of appeal
served December 6th following was not timely, in view of Comp.
Laws 1907, section 3301, providing that "an appeal may be taken
within six months from the entry of the judgment or order appealed
from," and section 2493, providing that "the time within which
an act provided by law is to be done is computed by excluding the
first day and including the last, unless the last is a holiday, and
then it is also excluded."[1]

Appeal from District Court, Second District; *Hon. J. A.
Howell,* Judge.

Suit between Enoch E. Fuller and Earlgur Ferrin et al.

Motion for new trial denied the former.   He appeals.

APPEAL DISMISSED.

*George Halverson* for appellant.

*J. M. Kimball* for respondents.

THURMAN, J.

Appellant's motion for a new trial in this case was over-
ruled by the trial court June 5, 1916.   On December 6, 1916,
appellant filed and served his notice of appeal.   Respondent
moved to dismiss the appeal for the reason that it was not
taken in time.   Comp. Laws Utah 1907, section 3301, pro-
vides:

[1] *Watson* v. *Mayberry,* 15 Utah 265, 49 Pac. 479; *Everett* v. *Jones,*
32 Utah 489, 91 Pac. 360; *Warnock* v. *Peterson,* 35 Utah 542, 101 Pac.
699; *Jones* v. *Evans,* 39 Utah 291, 116 Pac. 333; *Stoll* v. *Daly Min. Co.,*
19 Utah 271, 57 Pac. 295; *Felt* v. *Cook,* 31 Utah 299, 87 Pac. 1092.

"An appeal may be taken within six months from the entry of the judgment or order appealed from."

This court has uniformly held that a judgment for the purpose of an appeal becomes final on the overruling of a motion for a new trial. *Watson* v. *Mayberry,* 15 Utah, 265, 49 Pac. 479; *Stoll* v. *Daly Min. Co.,* 19 Utah, 271, 57 Pac. 295; *Felt* v. *Cook,* 31 Utah, 299, 87 Pac. 1092; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Warnock* v. *Peterson,* 35 Utah, 542, 101 Pac. 699. In view of these decisions the judgment in the present case became final on the overruling of the motion for a new trial, and the time within which to appeal commenced to run on that date.

Comp. Laws Utah 1907, section 2493, provides:

"The time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded."

Applying this rule to the present case by excluding the 5th of June and including the 5th of December following, we have six full months within which the appeal should have been taken to be in time.

This is a mere question of computing time, and therefore not a question for argument from the standpoint of judicial authority; yet it has frequently been the subject of adjudication by judicial tribunals, and for the convenience of those who may be interested in the subject we cite the following authorities: *Towell et al.* v. *Hollweg et al.,* 81 Ind. 154; *Weeks* v. *Hull,* 19 Conn. 376; 50 Am. Dec. 249; *McCoid* v. *Rafferty,* 84 Iowa, 532, 51 N. W. 24; *Schoonover* v. *Irwin et al.,* 58 Ind. 287; *Cavanaugh* v. *Corckran,* 11 Ky. Law Rep. 855. See, also, 38 Cyc. 326, and note.

When the motion to dismiss this appeal was presented to the court by an erroneous calculation made hastily, and through inadvertence, the motion was denied. Upon more mature consideration the court is unanimous in its opinion that the appeal was not taken within time and that the motion to dismiss the appeal should have been allowed. Being a jurisdictional question we take the liberty now of correcting the error heretofore improvidently made.

We are not favored with the views of appellant on this question, but inasmuch as the record shows that appellant was served with notice of the overruling of his motion for a new trial on the 6th day of June it is possible he may have erroneously conceived the idea that the time within which to appeal began to run from that date; but such is not the case. This identical question was specifically determined by this court in *Jones* v. *Evans,* 39 Utah, 291, 116 Pac. 333, in which case it was held that the time within which to take an appeal begins to run from the entry of the final judgment and not from the service of notice thereof. There are some dicta, however, in the opinion in that case apparently in conflict with the views herein expressed. Such, however, in so far as they conflict with this opinion, are hereby overruled.

For the reasons stated above it is ordered that the appeal be dismissed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.