### 8860. BANK OF OMEGA v. FINDLEY.

JENKINS, J. The court in its charge fully and fairly submitted to the jury the question of whether, under the evidence, the cashier of the plaintiff bank was acting as the agent of the plaintiff or as agent of the defendant, in collecting and applying the alleged payments; the jury found in favor of the defendant on that issue, and that the cashier in so acting was the agent of the plaintiff bank; the evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 22, 1918.

Complaint; from Gwinnett superior court—Judge Cobb. April 27, 1917.

*I. L. Oakes, R. D. Smith,* for plaintiff.
*O. A. Nix,* for defendant.

---

### 8865. GROSS v. WILDS.

JENKINS, J. When a defendant against whom a verdict has been rendered makes a motion for a new trial, he can not properly, while the motion is still pending and undisposed of, bring to this court for review any ruling, order, or decision made by the judge during the progress of the case. *Kelly & Jones Co.* v. *Moore,* 125 Ga. 382 (54 S. E. 118); *Duke* v. *Story,* 113 Ga. 112 (38 S. E. 337); *Carreker* v. *Thornton,* 1 Ga. App. 508 (57 S. E. 988). It appearing from the bill of exceptions and the judge's certificate attached thereto that the plaintiff in error is now seeking to review the ruling of the trial judge in striking the plea in abatement filed by the defendant, and that, upon the court's subsequently directing a verdict for the plaintiff, a motion for new trial was made, and that at the time the bill of exceptions was certified the motion for a new trial was pending and undisposed of in the court below, the motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 22, 1918.

Complaint; from Camden. Motion to dismiss.
*S. C. Townsend,* for plaintiff in error. *J. R. Thomas,* contra.