## STATE ex rel. LORNTZEN v. HANSEN et al.

### No. 3184. Decided March 1, 1918. (171 Pac. 515.)

APPEAL AND ERROR—TIME FOR TAKING—JURISDICTION OF SUPREME COURT—DISMISSAL—STATUTE. Under Comp. Laws 1907, Section 3301, providing that an appeal may be taken within six months from the entry of the judgment or order appealed from, appeal from a judgment entered May 28th, notice of appeal having been filed and served December 8th, was taken at least eleven days late, the Supreme Court is without jurisdiction, and the appeal will be dismissed.[1]

Appeal from District Court of Cache County, First District; *Hon. A. E. Pratt*, Presiding Judge.

Proceedings by the State of Utah on the relation of Margaret I. S. Lorntzen, against George D. Hansen and Andrew M. Hammond.

Judgment for plaintiff. Defendant appeals.

APPEAL DISMISSED on motion.

*A. A. Law* for appellants.

---

[1]*Jones* v. *Evans*, 39 Utah, 291, 116 Pac. 333; *Lindley* v. *Bradshaw*, 45 Utah 83, 141 Pac. 300; *Fuller* v. *Ferrin*, 51 Utah —, 168 Pac. 1179.

*J. C. Walters* and *M. C. Harris* for respondent.

GIDEON, J.

The relator, plaintiff below, was awarded judgment. Defendants appeal to this court. A motion to dismiss challenges the jurisdiction of this court on the ground that the appeal was not taken within six months from the date of the entry of judgment.

It appears from the record that judgment was entered May 28, 1917. No motion for a new trial was made. The notice of appeal was filed and served December 8, 1917. Comp. Laws 1907, section 3301, is as follows: "An appeal may be taken within six months from the entry of the judgment or order appealed from." It will thus be seen that the appeal was not taken for at least eleven days after the six months had expired. Under the former rulings of this court construing that section we are without jurisdiction to consider the appeal. *Jones* v. *Evans*, 39 Utah, 291, 116 Pac. 333; *Lindley* v. *Bradshaw*, 45 Utah, 83, 141 Pac. 300; *Fuller* v. *Ferrin*, 51 Utah, —, 168 Pac. 1179.

The motion to dismiss is therefore granted, and the appeal is dismissed; respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.