PETERSEN et al. v. OHIO COPPER CO.

No. 4611. Decided April 13, 1928. (266 P. 1050.)

*John F. Bowman,* of Salt Lake City, for appellants.

*Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City for respondent.

THURMAN, C. J.

Respondent has moved to dismiss the appeal and cited many cases in support of the motion. Appellants have made no reply thereto, but the motion involves an important question of practice and is of sufficient importance to justify a somewhat extended review.

The decree was filed December 29, 1926. No notice was given by respondent, so that appellant had six months within which to file notice of intention to move for a new trial or to file and serve their notice of appeal. On June 25, 1927, appellants served upon respondent their notice of intention to move for a new trial and filed the same within two days thereafter, to wit, on June 27. On the next day, June 28, appellants filed their notice of appeal, and on the following day, June 29, filed the same with the clerk of the court. It thus appears that the notice of intention to move for a new trial together with the motion for a new trial and notice of appeal were all served and filed within six months from the entry of the decree on December 29, 1926. The motion for a new trial was denied July 2, 1927.

The contention of respondent in support of its motion is that when the notice of appeal was served and filed the motion for a new trial was still pending and undisposed of and that therefore the appeal was premature.

The Constitution of this state (article 8, § 9), as interpreted by this court permits of an appeal to this court from a judgment of the district court only in cases where the judgment of the district court is final. The question therefore is: When does the judgment of a district court for purposes of an appeal become final in a case where there is a motion for a new trial seasonably made after the entry of the judgment or decree?

The uniform holding by this court in such cases has been that the judgment becomes final when the motion for a new trial is overruled. Consequently the effect of a motion for a new trial, when seasonably made, is to suspend the judgment or decree for purposes of appeal until the motion has been disposed of. As the notice of appeal in the instant case was served and filed by appellants while their motion for a new trial was pending and undisposed of it is the contention of respondent that the judgment was not final when the appeal was taken and should be dismissed as premature. Respondent calls our attention to the following cases: *Watson* v. *Mayberry,* 15 Utah 265, 49 P. 479; *Stoll* v. *Daly Mining Co.,* 19 Utah 271, 57 P. 295; *Snow* v. *Rich,* 22 Utah 123 61 P. 336; *Felt* v. *Cook,* 31 Utah 299, 87 P. 1092; *Everett* v. *Jones,* 32 Utah 489, 91 P. 360; *Bowman* v. *Ogden City,* 33 Utah 196, 93 P. 561; *Jones* v. *Evans,* 39 Utah 291, 116 P. 333; *Fuller* v. *Ferrin,* 51 Utah 105, 168 P. 1179; *First National Bank* v. *Nielsen,* 60 Utah 227, 208 P. 522; *Duke* v. *Story,* 113 Ga. 112, 38 S. E. 337; *Minneapolis Threshing Machine Co.* v. *Fox et al.,* 52 Utah 101, 172, P. 699; *Kelly & Jones* v. *Moore,* 125 Ga. 382, 54 S. E. 118; *Carreker* v. *Thornton,* 1 Ga. App. 508, 57 S. E. 988.

While none of the cases cited appear to be exactly in point, there is much in some of them that tends to support respondent's contention.

In *Watson* v. *Mayberry,* supra, the principal question determined was as to when a judgment became final for purposes of appeal where a motion for a new trial was seasonably made. The opinion by Chief Justice Zane, at page 269 (49 P. 480), says:

"A judgment terminating the litigation between the parties in the court rendering it is final. The litigation is not terminated while a motion for a new trial, made within the time given by law, may be lawfully decided. Until the order granting or overruling the motion is made, it cannot be known that the judgment is final. If the motion is allowed, the litigation may continue. If it is overruled, the litigation is terminated, and the judgment then becomes final."

In *Stoll* v. *Daly Mining Co.*, supra, the question presented was the same, and the court, speaking through McCarty, judge of the district court, disposed of the question by quoting the language of Chief Justice Zane in the *Watson-Maybery* Case, supra.

In *Snow* v. *Rich,* supra, the first paragraph of the syllabus reflects the opinion of the court as far as concerns the status of a judgment while a motion for a new trial is pending and undisposed of. The paragraph reads:

"A judgment is not final while a motion for a new trial, made within the time allowed by law, is pending and undisposed of, and an appeal taken and perfected within six months from the date of overruling the motion for a new trial is taken in time."

In *Felt* v. *Cook,* supra, the same question became material and Mr. Justice Straup, who wrote the opinion, states the rule as follows at page 302 (87 P. 1093) :

"This court has repeatedly held, under the statute, that an appeal lies only from the judgment, and not from an order denying or granting a motion for a new trial; that a judgment is not final while a motion for a new trial, made within the time allowed by law, is pending and undisposed of."

In *Everett* v. *Jones,* supra, the same question recurred and was disposed of by the court speaking through Mr. Justice Straup. The language employed is exactly the same as that employed in *Felt* v. *Cook,* supra.

In *Jones* v. *Evans,* supra, opinon by Mr. Chief Justice Frick, the first headnote reads:

"Under Comp. Laws 1907, § 3301, providing that an appeal may be taken within six months from the entry of judgment or order appealed from, and section 3329, providing that the time for taking an appeal may not be extended, a judgment becomes final for the purpose of an appeal on the overruling of a motion for a new trial."

In *Bowman* v. *Ogden City,* supra, opinion by Mr. Justice Straup, at page 199 (93 P. 562), it is said:

"It has been repeatedly held by this court 'that a judgment is not final while a motion for new trial, made within the time allowed by law, is pending and undisposed of, and that an appeal taken and perfected within six months from the date of the overruling of the motion for a new trial is taken in time.' *Snow* v. *Rich,* 22 Utah 123, 61 P. 336, and cases there cited; *Felt* v. *Cook,* 31 Utah 299, 87 P. 1092."

In *Minneapolis Threshing Machine Co.* v. *Fox et al.,* supra, a different question was involved. It does not appear to be helpful upon the question presented here.

In *Fuller* v. *Ferin,* supra, the court, at page 106 (168 P. 1180), says:

"This court has uniformly held that judgment for the purpose of an appeal becomes final on the overruling of a motion for a new trial."

In *First National Bank* v. *Nielson,* supra, at page 229 (208 P. 523), Mr. Justice Frick, speaking for the court, says:

"In this connection counsel also urge that under our statute a judgment does not become final for the purposes of appeal until the motion for a new trial, if one is filed, is denied, and hence an appeal which is taken before the motion is denied is premature. This court in an unbroken line of decisions, has held that, where a motion for a new trial has been seasonably filed, the motion suspends the finality of the judgment, * * * and that, while the motion is pending and undetermined, an appeal is premature."

The language last quoted is somewhat broader than any utterance of the court in previous decisions, and yet it requires no stretch of the imagination to infer such meaning from the decisions refered to. When we say a judgfent is not final until a motion for a new trial, seasonably made, is overruled, and that there is no

appeal except from a final judgment, it follows as a necessary corollary that an appeal taken while such motion is pending is premature. Such are the decisions of this court cited and relied on by respondent. To the same effect is *Warnock Insurance Agency* v. *Investment Co.*, 35 Utah 542, 101 P. 699. There may be others to the same effect. We are quite certain there are none in conflict with those we have reviewed. In *Emerson-Brantingham Imp. Co.* v. *Stringfellow*, 57 Utah 284, 194 P. 340, it was held that an attempted notice of a final judgment given before the same was signed by the judge and filed with the clerk was premature and ineffectual as a notice to the losing party of the judgment thereafter filed. That case was followed by *Bailey* v. *Jones*, 60 Utah 311, 208 P. 525. Judgment was entered in that case April 29, 1921. On April 26, 1921, three days before the judgment was entered appellant filed his motion for a new trial. The motion was denied September 2, 1921, and appellant filed his notice of appeal February 9, 1922, or nearly ten months after the entry of the judgment. His motion for a new trial made three days before the judgment was entered was held to be premature and ineffectual to suspend the judgment and extend the time for appeal. For that reason the appeal was dismissed because not taken in time.

Respondent also refers us to *Duke* v. *Story*, 113 Ga. 112, 38 S. E. 337. The headnote states the rule as follows:

"When a defendant against whom a verdict has been rendered makes a motion for a new trial, he cannot properly, while the same is still pending and undisposed of, bring to this court for review any ruling, order, or decision made by the judge during the progress of the case or the judgment entered upon the verdict."

In that case the appeal was held to be premature and dismissed. To the same effect are other decisions of the Georgia Supreme Court: *McLendon* v. *Railroad Co.*, 85 Ga.

129, 11 S. E. 580; *Kelly & Jones Co.* v. *Moore*, 125 Ga. 382, 54 S. E. 118; *Mitchell* v. *Tomlin*, 64 Ga. 368; *Williams* v. *Jones*, 69 Ga. 277; *Carreker* v. *Thornton*, 1 Ga. App. 508, 57 S. E. 988. The same rule is recognized in *Minneapolis Threshing Co.* v. *Skau*, 10 S. D. 636, 75 N. W. 199; *Myers* v. *Longstaff*, 12 S. D. 641, 82 N. W. 183; *Metzer et al.* v. *Royal Neighbors, etc.*, 85 Neb. 477, 123 N. W. 1052.

We believe it is a rule in practically every jurisdiction of the country that an appeal will be dismissed as premature where it is taken before the judgment is entered. In many jurisdictions it is required to be formally entered in what is usually called a judgment book. It is unnecessary to cite cases upon a proposition so universally sustained. We refer, however, to a few California cases where the general rules of practice are similar to our own. *In the matter of the Estate of Hiram A Pearsons, Deceased,* 119 Cal. 27, 50 P. 929; *Estate of More,* 143 Cal. 493, 77 P. 407; *Bell* v. *Staake,* 137 Cal. 307, 70 P. 171; *Wood, Curtis & Co.* v. *Missouri, etc., R. R. Co.,* 152 Cal. 344, 92 P. 868.

No doubt the contention could be made, supported by more or less reason, that the cases last refered to holding that an appeal is premature until the judgment has been entered are not analogous to the case at bar, for here a judgment was formally entered December 29, 1926, ▮ and it is from that judgment that the appeal was taken. But under all of the Utah cases we have reviewed that judgment was suspended and was not a final judgment at the time the appeal was taken. If it should be contended that the taking of the appeal was in effect a waiver or abandonment of the motion for a new trial, it is doubtful if such contention would be sound. Waiver must be intentional. 40 Cyc. 264. The same is true of abandonment. 1 Cyc. 5. Appellant had no intention either to waive or abandon his motion for a new trial because he assigns the overruling of the motion as error. We appreciate the fact, as stated by Mr. Chief Justice Zane in *Watson* v. *Mayberry,*

supra, that "statutes providing for appeals are remedial, and they should be liberally construed, in furtherance of the remedy." Bearing that in mind we have made such independent research as our limited time would permit to find a logical basis for denying the motion to dismiss the appeal. We do not pretend that our efforts in that respect have been exhaustive; nor under the circumstances such could not in fairness be expected of the court. In our present view of the question to sustain the appeal under the circumstances disclosed by the record would be to lay down a rule which, in some cases at least, might lead to incongruous situations and perhaps inextricable confusion. If, for example, in the instant case the trial court instead of denying appellants' motion for a new trial had granted the motion, the question would then arise did the trial court have jurisdiction to grant the motion? If it did it would be because the Supreme Court had not acquired jurisdiction by the attempted appeal. Whenever the jurisdiction of the Supreme Court is invoked, as it is by the filing and serving of a notice of appeal, the trial court is shorn of its jurisdiction except as to proceedings in aid of the appeal.

For the reasons stated, we are of the opinion that the attempted appeal in this case was premature and the motion to dismiss should be granted.

Appeal dismissed at appellants' cost.

CHERRY, STRAUP, HANSEN, and GIDEON, JJ., concur.