23816. BRIGHT *et al. v.* AUTO FINANCE & LOAN CO.

DECIDED SEPTEMBER 21, 1934.

*E. L. Smith, R. J. Bacon,* for plaintiffs in error.
*A. N. Durden,* contra.

STEPHENS, J. The defendants in error moved to dismiss the writ of error, on the ground that at the time of its certification by the judge whose judgment is excepted to, there was pending in the trial court a motion for a new trial. The bill of exceptions is a direct bill wherein the direction of a verdict for the plaintiff is directly excepted to by the defendants. It appears from the record, as contained in a portion of it certified to this court by the clerk of the trial court August 25, 1934, in response to an order of this court, that at the time of the certification of the bill of exceptions, which was on December 8, 1933, a motion for a new trial by the defendants and a rule nisi and an order providing for the continuance of the hearing from time to time and extending the time for the filing of the brief of evidence, etc., which were issued on November 21, 1933, were on that date filed in the office of the clerk of the trial court. This was within thirty days of the rendition of the verdict and judgment which was on November 17, 1933, and during the term. It further appears from the record that service of the rule nisi and order was perfected by an acknowledgment of service by the attorney for the respondent on December 16, 1933. This was after the date of the certification of the bill of exceptions, and after the date, December 12, 1933, of the filing of the bill of exceptions in the office of the clerk of the trial court. The bill of exceptions was filed in the office of the clerk of this court on December 18, 1933. In the rule nisi and the order passed upon the motion for a new trial no date is set for the hearing upon the motion. This date is left blank. In the order it is provided that the motion be "heard and determined on the —— day of ——— in vacation at ———————, and that movant may amend said motion at any time before the final hearing," that if the motion is not heard and determined at the time and place fixed, it shall be heard and determined at such time and place in vacation as may be agreed upon by counsel or as may be fixed by the presiding judge on the application of either party upon five days' notice to the opposite party, that movant shall have until the hearing, "whenever it may be," to prepare and present for approval a brief of the evidence, and that if the motion is not heard and determined "before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter."

578

■ The Supreme Court, in the case of *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337), which was followed in *Kelly & Jones Co.* v. *Moore,* 125 *Ga.* 382 (54 S. E. 118), held that "When a defendant against whom a verdict has been rendered makes a motion for a new trial, he can not properly, while the same is still pending and undisposed of, bring to this court for review any ruling, order, or decision made by the judge during the progress of the case, or the judgment entered upon the verdict." Civil Code (1910), § 6138; *Mitchell* v. *Tomlin,* 64 *Ga.* 368; *Williams* v. *Jones,* 69 *Ga.* 277 (3). The motion for a new trial and the order thereon, which were filed in the office of the clerk of the trial court on November 21, 1933, were filed before the certification by the trial judge of the bill of exceptions on December 8, 1933. While upon the date of the certification of the bill of exceptions on December 8, 1933, and upon the date of its finding in the office of the clerk of the trial court on December 12, 1933, there had been no service upon the respondent of the motion for a new trial and the rule nisi and order thereon, service was afterwards acknowledged by counsel for the respondent on December 16, 1933. Whether, in the absence of any service upon the respondent, or acknowledgment of service by the respondent, of the motion for a new trial and the rule nisi and order issued thereon, upon the date of the certification of the bill of exceptions by the trial judge and its filing in the office of the clerk of the trial court, the motion for a new trial could not be considered as a valid pending motion, validity was nevertheless given to it and it became a valid pending motion from the date of its filing, namely, November 21, 1933, by the acknowledgment of service by the respondent's attorney. This is by analogy to the cases in which it is held that, although the filing of a petition in a suit does not constitute a valid pending suit until service has been perfected upon the defendant, yet upon the perfecting of service upon the defendant there is a suit pending as of the date of the filing of the petition. *Ferguson* v. *New Manchester Manufacturing Co.,* 51 *Ga.* 609; *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004). See *Branch* v. *Mechanics' Bank,* 50 *Ga.* 413, 417; *McLendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152) ; *Stallings* v. *Stallings,* 127 *Ga.* 464, 467 (56 S. E. 469, 9 L. R. A. (N. S.) 593).

■ It is contended by counsel for the plaintiff in error that the motion for a new trial of November 21, 1933, was a nullity because

no brief of the evidence, which is essential to the validity of a motion for a new trial, had been filed within the time required by law, which time counsel contends, since there was no order specifying any time within which after the term of court the brief of evidence could be filed, was before the expiration of the term, which was December 6, 1933. While an approved brief of evidence is essential to the validity of a motion for a new trial, the motion is not invalidated by the absence of an approved brief of the evidence until after the expiration of the time within which the brief may be approved. While the order in this case states no specific time for the hearing upon the motion for a new trial and for the filing for approval of a brief of the evidence, it provides for the hearing upon the motion at such time in vacation as may be afterwards fixed upon, either by agreement of counsel, or by the judge, and that the movant has until the hearing "whenever it·may be" to present for approval a brief of the evidence. It is further provided by the order that if the motion for a new trial is not heard and determined before the beginning of the next term of court, it shall stand on the docket of the court until heard and determined at that term or thereafter. So far as appears from the record, the motion for a new trial has never been heard or passed upon. It therefore stands upon the docket for a hearing and determination. In *Southern Railway Co.* v. *Hixon,* 135 *Ga.* 150 (68 S. E. 1100), where the order upon the motion for a new trial was substantially the same as the order in the case now before the court, it was held that "the failure to specify in the order with greater particularity the time and place at which the motion for new trial should be heard was irregular, but not sufficient to defeat the jurisdiction of the court at the next term to approve the brief of evidence and render judgment on the merits of the motion." In *Eady* v. *Atlantic Coast Line R. Co.,* 129 *Ga.* 363 (58 S. E. 895), it was held, with reference to an order on a motion for a new trial which was similar to the one now before this court, that where the order fixed an indefinite date in vacation for the hearing of the motion for a new trial, the court had jurisdiction at the subsequent term of the court to approve the brief of evidence and decide the motion upon its merits. See also *Clements* v. *Ledden,* 132 *Ga.* 430 (64 S. E. 460). The motion for a new trial did not become a nullity because of the absence of an approved brief of the evidence filed before the expiration of the

term. It certainly was a valid pending motion in the trial court after December 16, 1933, when service of the motion and the orders thereon was acknowledged. It was a pending motion for a new trial upon the filing, two days later, on December 18, 1933, of the bill of exceptions in this court. Under any view of the case there was pending in the trial court a motion for a new trial when the bill of exceptions in the case was brought to this court.

■ The writ of error is therefore dismissed. 'Direction is given that the official copy of the bill of exceptions, on file in the office of the clerk of the trial court, operate as exceptions pendente lite.

*Writ of error dismissed, with direction. Jenkins, P. J., and Sutton, J., concur.*