26379. GRAHL *v.* DORSEY *et al.*

DECIDED NOVEMBER 5, 1937.

*Jule Felton, Hollis Fort Jr.,* for plaintiff.
*R. L. Maynard, Dykes & Dykes, James W. Fort,* for defendant.

SUTTON, J. J. S. Grahl Sr. brought an action for damages against J. B. Dorsey and H. E. McMath. A trial was had and the court directed a verdict for the defendants and judgment was accordingly entered. The case was brought to this court by direct bill of exceptions, assigning error on the direction of the verdict. In this court the defendant in error made a written motion to dismiss on the ground that at the time the bill of exceptions was certified there was pending in the trial court a motion for new trial, and that, consequently, the bill of exceptions was premature

and could not be entertained by this court. To the motion is attached what is alleged to be a copy of the motion for new trial filed under date of March 25, 1937; also an order of the court setting the motion for hearing in vacation on May 29, 1937, and providing that the movant have until that date to file a brief of the evidence; also a copy of order of the court dismissing the motion on May 29, 1937, because no brief of evidence had been filed as required by the previous order. It is shown by the record that the bill of exceptions was presented to the court on April 21, 1937, certified by the court on May 3, 1937, filed in the trial court on May 5, 1937, and filed in this court on May 10, 1937. The exhibit attached to the motion is not certified by the clerk of the trial court, and the orders involved do not appear in the original record filed in this court, and ordinarily the proper procedure would be for this court to have sent up the additional record. However, it is admitted by the respondent, the plaintiff in error in this court, in its counsel's reply brief, that the motion was made and subsequently dismissed as alleged, it being stated that "Two cases are tried together. The stenographer advised that the record could not be made within thirty days. Separate motions for new trial were made. The record was finished within thirty days and after discussion with adversary counsel it was agreed that no brief of evidence should be filed in this motion for new trial upon being advised that a direct bill would be taken, and under this agreement the motion for new trial should not have been dismissed upon the ground that no brief of evidence was filed, because it constitutes a breach of the agreement." It is contended that there is no merit in the motion, and that "assignment of error on direction of verdict under the Code can be made on motion for new trial or direct bill."

It is clear that at the time the bill of exceptions was certified and filed in the trial court there was pending a motion for new trial, and thus the court had jurisdiction of the case and the bill of exceptions was premature and can not be entertained by this court. Where a party litigant "against whom a verdict has been rendered makes a motion for a new trial, he can not properly, while the same is still pending and undisposed of, bring to this court for review any ruling, order, or decision made by the judge during the progress of the case, or the judgment entered upon the ·

verdict." *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337); *Kelly & Jones Co.* v. *Moore,* 125 *Ga.* 382 (54 S. E. 118); *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Duncan* v. *Duncan,* 145 *Ga.* 424 (89 S. E. 486); *Carreker* v. *Thornton,* 1 *Ga. App.* 508 (57 S. E. 988); *Shaw* v. *Guthrie,* 14 *Ga. App.* 303 (80 S. E. 735); *Wilson* v. *Black,* 18 *Ga. App.* 650 (90 S. E. 225); *Gross* v. *Wilds,* 21 *Ga. App.* 620 (94 S. E. 812); *Farmers & Merchants Bank* v. *Cochran,* 37 *Ga. App.* 33 (138 S. E. 856); *Northwestern Fire & Marine Insurance Co.* v. *Bank of Thomasville,* 38 *Ga. App.* 32 (142 S. E. 212); *Jones* v. *Naftel Dry Goods Co.,* 42 *Ga. App.* 164 (155 S. E. 110); *Bright* v. *Auto Finance & Loan Co.,* 49 *Ga. App.* 576 (176 S. E. 532). See also *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505). Accordingly, the writ of error in the present case must be dismissed.

While this court, in its discretion, might be disposed to direct that the official copy of the bill of exceptions in the trial court be treated as exceptions pendente lite, such direction in the present case would serve no useful purpose. It appears that after the bill of exceptions was filed in the trial court the motion for new trial was dismissed on May 29, 1937. The case is not now pending there, and the time in which the plaintiff in error could, under the law, file a valid bill of exceptions has expired.

*Writ of error dismissed. Stephens, P. J., and MacIntyre, J., concur.*