## STATE TAX COMMISSION v. CITY OF LOGAN.

No. 6015.   Decided February 27, 1939.   (87 P. 2d 692.)

*Ned Warnock* and *Alfred Klein,* both of Salt Lake City, for appellant.

*Leon Fonnesbeck,* of Logan, for respondent.

MOFFAT, Chief Justice.

This cause was before this court once before. *State Tax Commission* v. *City of Logan,* 88 Utah 406, 54 P. 2d 1197. The question involved was: Did the legislature intend to levy a sales tax on electrical energy generated and sold by municipalities? It was held municipalities generating and selling electrical energy were required by the statute to pay the sales tax. The case was remanded to the district court with directions to proceed according to the opinion rendered. The City paid the taxes collected or levied after February 28, 1934. The Tax Commission before the district court on the second trial claimed the City was also liable for the tax for the period from August 4, 1933, to and including February 28, 1934. The City claimed it had not collected the tax and should not be required to pay the taxes on the sales for the period. The holding of the district court was favorable to the City. The Tax Commission brought the matter again to this court in this proceeding.

After the submission of evidence the cause was by the district court taken under advisement. On March 11, 1937, the court made and filed findings of fact, conclusions of law and entered judgment accordingly. On the 29th day of March, 1938, or more than a year after the entry of judgment, notice of appeal by the State Tax Commission was was served and filed.

Respondent raises the question that the appeal was not taken in time as required by the statute, and upon that

ground moves to dismiss the appeal. The motion must be granted. "An appeal may be taken within six months from the entry of the judgment or order appealed from," Revised Statutes of Utah 1933, 104-41-2. Appellant admits, as it must, that the appeal was not taken or perfected within the six month statutory period. Appellant argues that the trial court ignored certain provisions of the decision of this court in its entry of judgment from which this appeal is attempted to be taken. Had Appellant preserved such matters or desired to otherwise attack the alleged violation of the former order of this court by the district court, an appeal therefrom, if appeal were the proper remedy, should have been taken within the statutory period.

No motion for a new trial or other proceeding was taken by appellant that would postpone the time when the six month period began to run. There seems to be no provision in the statute requiring either the court or counsel to serve a notice of the making or signing of findings of fact or conclusions of law or entry of judgment.

It has been held by this court that the time for taking an appeal starts to run from the entry of judgment or overruling of a motion for a new trial and that an appeal not taken within such period does not give this court jurisdiction to consider the appeal. *State ex rel. Lorentzen* v. *Hansen et al.,* 51 Utah 514, 171 P. 515, and cases there cited.

This disposition of the case renders it unnecessary and inappropriate to consider other matters suggested in the arguments and assignments of error, and we express no opinion as to the merits of the case or whether other avenues of procedure may be open to the Tax Commission.

The appeal is dismissed. Respondent to recover costs.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.