**Miriam C. HARWARD (Deering), Plaintiff and Appellant,**

v.

**Darr D. HARWARD, Defendant and Respondent.**

**No. 13423.**

Supreme Court of Utah.

Sept. 25, 1974.

Dale J. Craft, of King & Craft, Salt Lake City, for plaintiff and appellant.

Allen M. Swan, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The parties hereto were divorced by a decree of court filed October 2, 1967. Thereafter an order to show cause was issued regarding a change in the custody of minor children. One Allen L. Hodgson at the time was a commissioner under the Family Court Act.[1] However, his power to serve pursuant to this Act is not involved in this matter. He was appointed judge pro tempore by stipulation of counsel for both parties under the provisions of Article VIII, Section 5, Utah Constitution, and Sections 78–3–15 and 78–3–16, U.C.A. 1953. The latter section provides inter alia:

> . . . [T]he person appointed shall be vested with the same power and authority and shall be charged with the same duties as to the cause in and as to which he is appointed as if he were the regularly elected and qualified judge of the district court; provided, that parties may, by the terms of their stipulation, limit the power of the judge pro tempore to the trial and determination of any specified issue or issues, either of law or fact, . . .

The stipulation in question provided:

> Pursuant to the provisions of Section 78–3–15 and 78–3–16, UCA 1953, . . . hereby appoint Allen L. Hodgson as judge pro tempore for the trial of all of the issues in said cause.
>
> It is stipulated and agreed that said judge pro tempore shall be vested with the same power and authority and be charged with the same duties, as to the trial of said issues, as if he were the regularly elected and qualified judge of the above court.

The judge pro tempore proceeded to hear the matter and continued it a couple of times to enable counsel to supply him with psychological evaluations, etc. His final ruling was made and filed on June 6, 1973, based on an evidentiary hearing had on June 4, 1973. He awarded the perma-

1. Sec. 30–3–15.3, U.C.A.1953 as amended.

**1184** 

nent custody of the children to the plaintiff and made findings of fact and conclusions of law to sustain the order.

The defendant was not satisfied with the decision and moved a regularly elected judge to set aside the orders of the judge pro tempore. After a hearing the trial judge granted the motion upon the ground and for the reason that

. . . [T]he Court finds that the appointment of Alan L. Hodgson as judge pro tempore in this case violated the provisions of Title 30–3–4, UCA, 1953, as amended, and Title 30–3–15.3, UCA, 1953, as amended, and consequently said Alan L. Hodgson had no jurisdiction to hear the matters or enter the orders referred to in the orders of said Judge Pro Tempore dated June 5, 1973 and June 6, 1973, and said described orders transferring custody of the minor Kevin Harward to plaintiff and ordering defendant to deliver said minor to plaintiff's representatives for transportation from the state of Utah to Hawaii are hereby set aside . . .

The plaintiff appeals from that order.

██ Since the stipulation for appointment of the judge pro tempore was pursuant to the Constitution and another statute as heretofore set forth, it is immaterial whether Sections 30–3–4 and 30–3–15.3 were followed or not.

██ We take judicial notice of the fact that Allen L. Hodgson is a lawyer admitted to practice in the courts of this state, and when he took his oath as a judge pro tempore, he became the equal in every respect to the regularly elected or appointed judges insofar as his handling of the instant matter is concerned. The orders he made are binding upon the parties unless and until they are reversed upon appeal to this court. A fellow judge cannot set them aside.

The judgment and order appealed from is reversed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.