STATE of Utah, Plaintiff and Appellant,

v.

Joseph MORGAN, Defendant and Respondent.

No. 13451.

Supreme Court of Utah.

Oct. 8, 1974.

2. 120 N.J.Super. 493, 295 A.2d 19 (1972).

3. 20 Utah 2d 199, 436 P.2d 435 (1968).

Vernon B. Romney, Atty. Gen., William T. Evans, Earl F. Dorius, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellant.

Robert Van Sciver, D. Gilbert Athay, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from an order of the trial court, resentencing defendant to a lesser penalty in a possession of narcotics case. Reversed.

Morgan was convicted and sentenced by trial Judge S for aiding and abetting in the possession by his wife, the principal, of a controlled substance for distribution.[1] He appealed to this court. While the appeal still was pending, his wife was faced with the same offense, was tried and convicted by a jury of mere possession of such a substance,—a lesser offense. Still during the pendency of the appeal, the defendant filed a habeas corpus proceeding in the lower court which the record reflects may not have been treated as such by trial Judge H,—who believed that Morgan, as aider and abetter, should receive no greater penalty than his wife. Judge H transferred the matter for resentencing to Judge S. The latter, considering himself right in the first place, declined to resentence Morgan to a lesser sentence. Counsel for both sides, bag and baggage, brief cases, papers and all, traipsed down the hall to H's courtroom, did a bit of arguing, after which Judge H reversed his neighbor and colleague, Judge S, and resentenced Morgan to a lesser jail term, he already having served such period, and for which he was given credit, and released him outright.

The record does not reflect any rumpled feelings or praise by S, but the former well may have been without empathy in the judicial breast. Nonetheless, the action of Judge H was in error here for three principal reasons:

■ I. Judge H was without jurisdiction to entertain Morgan's petition,—whatever it was,—then sentence him to some other penalty, while the sentence, the subject of Morgan's appeal, still was pending in this court,[2]—and which, in truth this court affirmed after such abortive resentencing.[3]

■ II. Generally, one District Judge cannot overrule another acting District Judge having identical authority and stature.[4] We subscribe to such a salutary principle. If a person feels aggrieved by one judge's doings he may attack such conclusion in a proper, but different proceeding than that indulged here,—usually by the extraordinary writ route.[5]

■ III. The writ of habeas corpus cannot be used for the purpose of procuring what in substance and effect is a second appeal, whether it is prosecuted pending the appeal or thereafter.[6] The reason for such rule seems sufficiently obvious as to require no further treatment here.

The State attempted to interject in this appeal the substantive question of whether an aider and abetter can have imposed upon him a greater penalty than the principal. That matter is not germane to this particular proceeding, being moot, since we take the position the lower court's action had no validity, having been accomplished during pendency of appeal. Hence we pass that matter without further comment.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. Title 58–37–8(1)(a)(ii), Utah Code Annotated 1953.

2. State v. Morgan, Case No. 13218 (Sept. 1973) this court.

3. Id.

4. Peterson v. Ohio Copper, 71 Utah 444, 452, 266 P. 1050 (1928); Nat. Am. Life v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963); Coeur

D'Alene v. Cogswell, 93 Ida. 324, 461 P.2d 107 (1969); Malott v. Randall, 7 Wash.App. 753, 502 P.2d 1249 (1972).

5. Atwood v. Cox, 88 Utah 437, 55 P.2d 377 (1936).

6. Johnson v. Turner, 24 Utah 2d 439, 473 P. 2d 901 (1970); Sullivan v. Turner, 22 Utah 2d 85, 448 P.2d 907 (1968).