### G. M. LEASING CORPORATION, Plaintiff and Respondent,

### v.

### MURRAY FIRST THRIFT AND LOAN COMPANY, Defendant and Appellant.

### No. 13788.

Supreme Court of Utah.

May 2, 1975.

Leonard J. Lewis, Brent J. Giauque, David A. Greenwood, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendant-appellant.

Richard J. Leedy, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

G. M. Leasing sued Murray First Thrift for selling two automobiles held by it as security for a loan and for doing so without giving proper notice to the plaintiff and because they were sold for an inadequate consideration. The sale was made to a dealer in Los Angeles, California.

For reasons not stated in the record counsel for G. M. Leasing withdrew, and new counsel was obtained. Discovery proceedings were undertaken, and counsel for G. M. Leasing was requested to file answers to interrogatories and to produce records. Counsel needed time to secure the material from Los Angeles and also desired to take a deposition of the purchaser and of the person to whom the cars were sold. Counsel for Murray First Thrift moved for the production of documents and for answers to interrogatories and served the motion on G. M. Leasing's counsel on June 19, 1974. Counsel for G. M. Leasing then agreed if the answers were not filed and the documents made available by July 12, 1974, the action might be dismissed with prejudice.

On June 28, 1974, the court entered an order that G. M. Leasing respond to the demands by July 12, 1974, and that failing such response the action would be dismissed.

On July 3, 1974, counsel for Murray First Thrift gave notice of taking the depositions of the purchaser of the automobiles and the ones to whom he sold them. These depositions had previously been set several times but had never been taken. The time schedule for taking the depositions as noticed caused more difficulties.

The answers to interrogatories and production of documents had not been made by July 12, 1974, and Murray First Thrift moved the court for dismissal of the action pursuant to the prior order. Within two days the answers to interrogatories were filed with the court, and the documents requested were made available to Murray First Thrift.

On July 19, 1974, the motion to dismiss was heard, and the trial court after hearing the arguments granted the motion to dismiss, but without prejudice.

Murray First Thrift argues that the dismissal had to be pursuant to the agreement of counsel theretofore filed with the court, to wit: "With Prejudice," and this appeal involves that one proposition.

 Sanctions for refusal to comply with an order of court or for failure to respond are set out in Rule 37, U.R.C.P., and are discretionary with the court. Courts are reluctant to dismiss a case with prejudice unless it is upon the merits. In the instant matter the documents and answers were not readily available to officers of the corporation because the president had disappeared in 1973, and the new management was not conversant with the answers to some of the interrogatories propounded.

In the absence of an abuse of discretion, we should not undertake to substitute our idea of what is proper for that of the trial court. The law is stated in 5 Am.Jur.2d, Appeal and Error, as follows:

> . . . Decisions reached in the proper exercise of such discretion have frequently been said not to be within the proper scope of appellate review, and it is clearly the ordinary practice of the appellate courts to refuse to review the exercise of such discretion except for abuse.[1]
>
> * * * * * *
>
> . . . [A] discretionary determination may be "reviewed" only in the case of a "gross," "clear," "plain," "palpable," or "manifest" abuse of discretion. . . .[2]

We fail to see that the trial court acted improperly in any of the matters proscribed above as being an abuse of discretion, and therefore affirm his ruling as made.

1. Section 772.

2. Section 774.

Costs are awarded to the respondent.

CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, Chief Justice (dissenting).

Appeal from a judgment *without* prejudice in a finance transaction suit. This case should be reversed with instructions to grant judgment *with* prejudice.

The die seemed to have been cast here by a written stipulation to dismiss on condition prescribed by the trial court's order fully consonant therewith,—not at all lacking in specificity,—designed to end this litigation. There was nothing deceptive or dishonorable about the language that clearly reflected the intentions of counsel. So being, we should preserve the consciences of the contestants by confirming their clear commitments,—thus saving them rigors of remorse and the lawyers their price of books, if the interdiction of this order be accomplished. There were a few mitigating circumstances to justify the dismissal without prejudice, but of rather hairbreadth character, and certainly not substantial enough to vitiate the court's order.

The parties stipulated that if counsel for plaintiff did not respond to defendant's request to produce interrogatories by July 12, 1974, the action would be dismissed *with* prejudice. The presiding judge, Taylor, on June 28, 1974, *entered an order* to that effect. Counsel for plaintiff did not produce the interrogatories on or before July 12, 1974. The main opinion overlooks this important fact and simply asserts that the court said the case would be dismissed,—leaving out the words "with prejudice."

Nonetheless, on motion of defendant to dismiss based on the stipulation of the parties *and* the judgment entered by Judge Taylor that failing compliance with the stipulation, the action be dismissed *with* prejudice another judge in the same court —Judge Hall,—dismissed the action *without* prejudice.

We have gone on record a number of times with decisions that fly in the teeth of the main opinion to the effect that generally one district judge cannot overrule or vacate the action or judgment entered by another district judge in the same court.[1]

The main opinion ignores these pronouncements, and inaccurately and disarmingly reports the facts of this case when it says in the third paragraph thereof that the trial court, on June 28, 1974, ordered a response to defendant's request under the discovery process and "that failing such response the action would be dismissed (period)"—without adding the words "with prejudice."

TUCKETT, J., concurs in the views expressed in the dissenting opinion of HENRIOD, C. J.

---

1. State v. Morgan, 527 P.2d 225 (Utah, 1974), and cases therein cited; Harward v. Harward, 526 P.2d 1183 (Utah, 1974); Peterson v. Peterson, 530 P.2d 821 (Utah, 1974).