In the Matter of the **ESTATE** of Charles H. **MECHAM, Deceased.**
Iola Mecham **TANNER, and Cecil Mecham,** objectors, Appellants,

v.

Wilmer P. **MECHAM, Administrator,** Respondent.

No. 13944.

Supreme Court of Utah.

June 25, 1975.

Richard W. Perkins, Turner & Perkins, Salt Lake City, for appellants.

George B. Stanley, Heber City, for respondent.

CROCKETT, Justice:

Objectors, who are heirs in the estate of Charles H. Mecham, appeal from an order of the district court which prevents them from having a hearing on the merits of their objections to the accounting and petition for distribution in the estate.

Wilmer P. Mecham was appointed administrator in February 1953. In 1969 the objectors filed a petition for an order to show cause why the administrator should not file his accounting. After various hearings and proceedings, the administrator filed such an accounting and petition for distribution and discharge. It was noticed for hearing on August 16, 1972, before Judge Joseph G. Jeppson. The administrator now contends that the objectors made no appearance. (This is based on a "boiler plate" recital in the minute entry.) The objectors say they did appear and stated oral objections. The latter appears to be correct because it is indicated that after some discussion the judge found the accounting to be insufficient.

The important fact is that he made the following order:

The Court upon said petition and for good cause appearing, now ORDERS, ADJUDGES AND DECREES that the final account be and the same is hereby DENIED and that the petitioner may amend pursuant to Rule 23 and mail a copy to R. Perkins [counsel for objectors].

A month and a half later, on October 3, 1972, the administrator filed a supplement to his accounting and mailed a copy to counsel for the objectors, but this matter was not noticed up for hearing. On October 19 the attorney for the administrator went to the judge and obtained ex parte an order approving the account and granting the petition for distribution and discharge. Five days later, on October 24, 1972, and thus within the ten days allowed for an at-

tack upon the judgment as provided in Rule 52(b), U.R.C.P., the objectors filed their objections attacking the accounting, and requesting that the matter be set for trial.

Subsequently, on November 20, 1972, counsel for the administrator served and filed a motion to strike the objections, containing arguments, documents and exhibits aggregating 39 pages, and buried near the end thereof was a notice that the matter would be heard on November 29, 1972. The objectors' counsel asserts that due to the circumstances just stated he was not aware of the hearing and consequently was not present. However, on December 8, and thus within the ten days allowed for an attack upon the judgment as noted above, he filed a motion to vacate the order of November 29 on the ground of lack of notice and excusable neglect on his part. It is important to note that this motion would normally have been presented to Judge Jeppson. However, it was noticed for hearing and placed on the law and motion calendar, where it cane before Judge G. Hal Taylor on December 19, 1972.

In response to a question as to why the matter had not been brought up before Judge Jeppson, objectors' counsel explained that the matter had been brought to the attention of Judge Jeppson, who said that it should be placed on the law and motion calendar. Under such circumstances there is no question but that any other judge of the court handling the law and motion calendar, including Judge Taylor, would have jurisdiction to act upon the motion,[1] nor that any action taken thereon, if deemed improper, would be subject to attack to have it corrected by a proper motion, and/or by an appeal.

Upon the hearing, Judge Taylor ruled that the order striking the objectors' exceptions to the account should be vacated. As a consequence of an administrator's

---

1. As to the authority of one judge of co-ordinate jurisdiction to act instead of another cf. Rule 63(a), U.R.C.P.; and statement in State v. Kelsey, Utah, 532 P.2d 1001.

motion attacking that ruling, and other proceedings, Judge Taylor entered an order on March 16, 1973, that there should be a hearing on the merits concerning the objections to the final account and petition for distribution and discharge. The next important observation is that *that order was not rescinded, or modified, nor appealed from* and that it thus became the effective order in the case.

Nineteen months later, on October 11, 1974, the matter of the objections to the accounting came up on the trial calendar before Judge Stewart M. Hanson. Upon his review of the file, he indicated his thought that the order of Judge Taylor had been improper in that it purported to overrule the previous order of Judge Jeppson which had approved the accounting, and on his own motion dismissed the objections. After a futile motion for a new trial, the objectors took this appeal.

With deference to the learned trial judge, who is burdened by many cases which must be handled with dispatch, it is our opinion that he was mistaken in dismissing the proceeding. These observations are pertinent:

■ We have no doubt about the rule, applicable under proper circumstances, that a judge of one division of the same court cannot act as an appellate court and overrule another such judge.[2] But that rule does not apply to the order of Judge Taylor in this case. As delineated above, the objectors timely and properly invoked the jurisdiction of the court in filing their motion against the ex parte order of October 19, 1972, approving the accounting. While in normal procedure and protocol this motion would have come up before Judge Jeppson, when he directed that it be placed

on the general law and motion calendar, any judge of the court had jurisdiction to act in the matter. When Judge Taylor did so, and his order was not changed or appealed from, it became the effective order in the case. However, what happened with respect to Judge Hanson's order, entered 19 months later, was entirely different. It was attacked by a proper and timely motion for a new trial; and that failing, by this appeal.

■ Accepting and applying the rule stated above, that one district judge of concurrent jurisdiction cannot act as an appellate judge and reverse the ruling of another, precludes Judge Hanson himself from vacating the order of Judge Taylor. Accordingly, it is our conclusion that his order must be vacated and the matter remanded for trial on the merits. Costs to abide determination by the district.

ELLETT and MAUGHAN, JJ., concur.

HENRIOD, Chief Justice (dissenting):

I dissent. The main opinion sounds plausible, for one reason only,—that one of the trial judge's orders, apparently of a dispositive nature was under question on a subsequent motion, but that the ordering judge, for an undisclosed reason, placed the matter on the law and motion calendar, and thus left his judgment under a new scrutiny. This may have been done because of illness or other legitimate reason for aught we know, but the fact remains that another district judge reversed his colleague on what appears to have been an appealable matter.

The action of the second judge in reversing the first has been condemned by

---

2  See Harward v. Harward, Utah, 526 P. 2d 1183; Peterson v. Peterson, Utah, 530 P.2d 821; we note that though this is usually stated to be the general rule, it should also be appreciated that it may depend upon the circumstances and the justice of the case, see Annotation, 20 A.L.R.Fed. 13, at p. 17, which states that the rule is sometimes considered to be absolute, but " . . . the modern trend appears to regard the rule as one of restraint on the exercise of judicial discretion," and see authorities referred to therein; also, for an annotation regarding the binding effect of an interlocutory order of one judge on another judge in the same case see 132 A.L.R. 14.

this court more than once.[1] To say as does the main opinion, that the third judge was not justified in reversing the second because of those authorities mentioned herein in footnote 1, simply is to destroy them by saying they were inapplicable to the first reversal but dispositive in the second, based on the reasoning applied in justification of the first.

My opinion would be either to apply the principle to both sets of circumstances, or simply junk the rule and permit district judges to reverse each other ad infinitum.

TUCKETT, J., concurs in the view expressed in the dissenting opinion of HENRIOD, C. J.

1. Harward v. Harward, Utah, 526 P.2d 1183 (1974); State v. Morgan, Utah, 527 P.2d 225 (1974) and cases therein cited; Peterson v. Peterson, Utah, 530 P.2d 821 (1974).