Drew JENSEN, Plaintiff and Respondent,

v.

Steve BAUGHMAN, Defendant and Appellant.

No. 14547.

Supreme Court of Utah.

April 6, 1977.

---

Robert Ryberg, of Ryberg & McCoy, Salt Lake City, for defendant and appellant.

Jay D. Edmonds, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from an order of the District Court granting plaintiff's motion to vacate a prior dismissal of his complaint with prejudice for failure to answer interrogatories.[1] The sequence of events giving rise to the order appealed from is as follows. Defendant submitted the interrogatories to plaintiff on July 1, 1974, and the same being unanswered on January 23, 1975, a motion to dismiss was filed based on such failure to answer. The matter was duly heard on February 3, 1975, by the Honorable Stewart M. Hanson, Jr., who entered the following order.

> Plaintiff has fifteen (15) days in which to answer defendant's interrogatories, if plaintiff fails to answer the defendant's interrogatories within the fifteen (15) days, defendant's motion is hereby granted as prayed.

They not being so filed, defendant again filed a motion to dismiss which was heard ex parte May 5, 1975, and granted with prejudice by the Honorable Marcellus K. Snow. Thereafter, plaintiff moved to vacate the order of dismissal on the ground the order was obtained ex parte after assurance of plaintiff's counsel that additional time would be afforded to file the said answers. The motion was duly granted on March 12, 1976, and the case ordered set for trial.

Defendant asserts the court erred in (1) abusing its discretion, and in (2) reversing or altering the order of a fellow district judge.

This court has had occasion to rule upon the validity of conflicting orders of fellow district judges,[2] and has held that such ordinarily have no force and effect. However, despite defendant's assertion that Judge Hanson granted an order of dismissal that was then overturned by Judge Snow, the actual facts are contrary. A close look at Judge Hanson's order discloses that the dismissal referred to was only in *contemplation* of plaintiff's possible failure to provide the answers to interrogatories within the fifteen days allowed. In other words, his order of dismissal was contingent upon plaintiff's failure to comply with the fifteen (15) day order.

The fact that Judge Hanson never did grant an operable order of dismissal is further borne out by defendant's subsequent motion presented to Judge Snow requesting identical relief, i. e., a dismissal for failure to furnish said answers to interrogatories.

The very nature of Judge Hanson's order was such that a final order of dismissal would not be entered except after a factual showing that plaintiff had failed to furnish the answers to the interrogatories.

Judge Snow's order was the *first* order of dismissal, and although Judge Hanson's order provided for a possible, ultimate dismissal should plaintiff fail to answer within the time allowed, it is perfectly obvious, and duly recognized by defendant, that no order of dismissal could or would be made with-

---

1. U.R.C.P. 37(b)(2)(D), providing for such relief under circumstances delineated therein.

2. *Harward v. Harward*, Utah, 526 P.2d 1183 (1974); *Peterson v. Peterson*, Utah, 530 P.2d

821 (1974); *In re Estate of Mecham v. Mecham*, Utah, 537 P.2d 312 (1975); *Johnson v. Johnson*, (Utah, 1977), 560 P.2d 1132.

out a showing of such failure on plaintiff's part. Defendant of course accomplished this by the supporting affidavit alleging non-compliance which he presented to Judge Snow ex parte.

The record shows that plaintiff's motion to vacate the judgment of dismissal with prejudice was duly presented and opposed by defendant on disputed facts as to additional time that the parties may or may not have agreed upon, and since Judge Snow had granted the motion to dismiss ex parte, and was now presented with a disputed fact situation, he properly exercised his discretion in setting aside the default and rescheduling the matter for trial.

The pronouncements of this court and others are numerous regarding the disfavor of defaults generally and to enumerate them here is pointless.

The judgment is affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN, and WILKINS, JJ., concur.